(No. 33830.—

ARTHUR R. LINDBURG et al., Appellants, vs. ZONING BOARD OF APPEALS OF THE CITY OF SPRINGFIELD et al., Appellees.

*Opinion filed March 22, 1956.*

DEBOICE, GREENING & ACKERMAN, of Springfield, for appellants.

A. M. FITZGERALD, and WALTER T. DAY, both of Springfield, for appellees.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The Zoning Board of Appeals of the city of Springfield permitted a variance from the requirements of the Springfield zoning ordinance with respect to two adjoining residential properties. Arthur R. Lindburg and 16 other owners of property in the vicinity instituted a proceeding in the

circuit court of Sangamon County under the Administrative Review Act to review the action of the board. The circuit court affirmed the decision of the board, and this appeal followed.

Jurisdiction of this court upon direct appeal rests upon the appellants' contention that section 73—4 of the Revised Cities and Villages Act (Ill. Rev. Stat. 1953, chap. 24, par. 73—4,) is unconstitutional. That section authorizes zoning boards of appeals to vary the application of zoning regulations "in cases where there are practical difficulties or particular hardship in the way of carrying out the strict letter" of the regulations. The appellants emphasize that this language is almost identical with that which was held invalid in *Welton* v. *Hamilton*, 344 Ill. 82. The Springfield ordinance follows the language of the statute, and appellants contend that it, too, is invalid, citing *Speroni* v. *Board of Appeals*, 368 Ill. 568. They urge also that the orders of the zoning board of appeals failed to comply with the command of the statute that "Every variation * * * shall be accompanied by a finding of fact specifying the reason for making the variation." (Ill. Rev. Stat. 1953, chap. 24, par. 73—4.) Other grounds are advanced for reversal but in the view we take of the case they need not be stated.

While the question of the validity of the statute is properly presented and sustains the jurisdiction of this court upon direct appeal, the constitutional question should not be decided if the case can be disposed of on other grounds. (*People ex rel. Downs* v. *Scully*, 408 Ill. 556; *Winston* v. *Zoning Board of Appeals*, 407 Ill. 588.) The considerations which prompt judicial reluctance to pass upon the validity of legislation unless it is necessary to do so are here augmented by the fact that the statute in question has been amended since this case arose. (Ill. Rev. Stat. 1955, chap. 24, par. 73—4.) We turn, therefore, to the contention that the orders of the zoning board of appeals did not contain the findings required by statute.

The properties in question are located in the "A" residential and "A" area districts. One and two-family dwellings and apartment houses of two stories or less are among the uses permitted in the "A" residential district. In the "A" area district, a minimum of 3000 square feet of lot area is required for each family. The same uses and others are permitted in the "B" residential district, but the "B" area district requires a minimum lot area of only 580 feet per family. The owners of the properties filed petitions for variances which stated the dimensions of the respective lots, that each was improved with a two-story frame residence occupied as a dwelling by a single family and that the owners desired to remodel them into apartment houses of the type permitted in a "B" residential district. The board conducted a hearing and then entered the orders in question.

Excluding formal portions, the orders read as follows:

"It further appeared to the Board that there were at the present time other homes in the vicinity in which there were apartments for more than one family.

"That there are practical difficulties and hardships in the way of carrying out to the strict letter the restrictions in the code pertaining to the 'A' residential use of the above described property, insofar as the use of the building or structure now located thereon.

"That the proposed variation in use of said property would not impose any undue hardship or burden on the neighborhood or adjoining property."

These orders do not comply with the statute. They do not contain "findings of fact specifying the reason for making the variation." The requirement of the statute is not met by parroting the highly generalized statutory phrases, "practical difficulties" and "particular hardship." The single statement that amounts to a finding of fact, "that there were * * * other homes in the vicinity in which there were apartments for more than one family"

is consistent with present "A" residential use of those other homes, because apartment houses of two stories or less are permitted in the "A" district. It is therefore meaningless as a basis for a zoning variation.

The order of the circuit court is reversed and the cause remanded, with directions to proceed in accordance with the views expressed in this opinion.

*Reversed and remanded, with directions.*