(No. 34185.—

HELEN KACZOROWSKI *et al.*, Appellants, *vs.* ELMHURST CHICAGO STONE COMPANY *et al.*, Appellees.

*Opinion filed March 20, 1957.*

EDGAR J. ELLIOTT, of Wheaton, for appellants.

MAURICE J. NATHANSON, of Chicago, LEROY L. RECH-
ENMACHER, of Naperville, and WILLIAM L. GUILD, of
Wheaton, (FRANKLIN J. STRANSKY, of Chicago,) for
appellees.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of
the court:

On recommendation of the Du Page County zoning
board of appeals, the county board of supervisors adopted
a resolution permitting the installation and operation of
equipment for crushing, screening and washing gravel on
certain property in the county for a period of thirty years,
subject to specified conditions not in dispute here. The
owners of residential properties located within an area
from one-quarter mile to one and one-half miles distant
from the subject property brought an action in the circuit
court of Du Page County against the county and Elmhurst
Chicago Stone Company, the owner of the subject prop-
erty, seeking a declaratory judgment holding the resolution
invalid. After hearing the evidence the court rendered
judgment for defendants. The plaintiffs appeal directly to
this court, upon certificate of the trial judge that the valid-
ity of a resolution of the county board is involved and that
the public interest requires such appeal.

The subject property is located in the "F" farming dis-
trict. Section 6 of the zoning ordinance, in defining the
uses permitted in a farming district, provides as follows:

"Mining, loading and hauling of sand, gravel, humus, black dirt, or other aggregate, but not including any screening, crushing, washing or storage equipment or structures, excepting as may be specifically authorized as a variation for a limited period, after a public hearing by the Zoning Board of Appeals as provided by law and subject to such restrictions and conditions as the Board of Appeals finds appropriate to the location." Elmhurst Chicago Stone Company, hereinafter referred to as defendant, mines gravel on its 197-acre tract of land, and hauls it to a processing plant about one and one-half miles north. The unincorporated village of Warrenville lies to the northwest of defendant's tract of land.

On application of defendant for permission to process the gravel on the premises where mined, the zoning board of appeals held a public hearing and found that "the distance from the proposed plant site to the nearest residences is such that the addition of washing, screening and crushing equipment to the presently permitted mining, loading and hauling equipment will make no appreciable difference in the noise and dust of the operation to the owner of these homes;" and that "the actual amount of heavy truck traffic will be decreased if the plant is permitted to operate at the proposed location as there will only be the one way traffic with the finished products instead of the additional amount which would be required if the pit run product were hauled to the present processing plant on the opposite side of Warrenville and then returned in part over the same roads after processing." The board accordingly recommended that permission be granted to install and operate a gravel processing plant on the east 600 feet of the property for a period of 30 years, provided that no black-top road materials be mixed or processed, that a dust-proof road be constructed, and that a six-foot fence be erected on the Warrenville Road side of the property. The board of supervisors concurred in the findings and recommendation

of the board of zoning appeals, and adopted a resolution granting "a variation" in accordance therewith.

To reverse the judgment the plaintiffs argue that since the ordinance provides for authorizing the use in question "as a variation," the statutory requirements for the granting of a variation must be met, that the statute requires the resolution to set forth facts showing practical difficulties or particular hardship, and that no finding of such facts appears therein. The defendant contends that the authorization is not a "variance" but an "exception" expressly provided for in the zoning ordinance; that it is legislative rather than administrative in nature and requires no finding of fact, and that in any event a resolution providing for a variation need not contain a finding of practical difficulties or particular hardship.

We think it is unnecessary in this case to determine whether the authorization should be characterized as an exception rather than a variance, for plaintiffs' argument must fail under either viewpoint. Section 3.1 of the act in relation to county zoning provides for power in the county board to vary the application of regulations "in cases where there are practical difficulties or particular hardship in the way of carrying out the strict letter of any such regulations * * *. Every such variation, whether made by the board of appeals directly or by ordinance or resolution after a hearing before a board of appeals shall be accompanied by a finding of fact specifying the reason for making such variation." Ill. Rev. Stat. 1955, chap. 34, par. 152k.1.

In our opinion the findings in this case complied with the statute. There was here no generalized repetition of the statute as was the case in *Lindburg* v. *Zoning Board of Appeals*, 8 Ill.2d 254. Here the practical difficulties are the added amount of heavy truck traffic to which the board expressly referred and the added transportation costs that must obviously accompany it. That this hardship is

unnecessary appears from the finding that the proposed change in operations would make no appreciable difference to the plaintiffs.

The judgment of the circuit court is correct and is therefore affirmed.

*Judgment affirmed.*