Adrienne B. Harber, et al., Plaintiffs-Appellants, v. Board of Appeals of the City of Chicago, B. Emmet Hartnett, et al., as Members of the Board of Appeals of the City of Chicago, City of Chicago, a Municipal Corporation, Sidney D. Smith, Acting Commissioner of Buildings of the City of Chicago, Richard Swift, et al., Defendants-Appellees.

Gen. No. 51,167.

First District, Second Division.

May 23, 1967.

Rehearing denied June 13, 1967.

Richard F. Watt, Helen Hart Jones and John M. Bowlus, of Chicago (Cotton, Watt, Jones & King, of Counsel), for appellants.

Raymond F. Simon, Corporation Counsel, of Chicago (Sydney R. Drebin and Marsile J. Hughes, Assistant Corporation Counsel, of counsel), for appellees, Board of Appeals of the City of Chicago, the City of Chicago and Sidney D. Smith, Commissioner of Buildings of the City of Chicago.

Joseph C. Owens, of Chicago, for appellees, Richard Swift and William F. Epstein.

MR. JUSTICE BRYANT delivered the opinion of the court.

This is an appeal from an order of the Circuit Court of Cook County upholding the granting of a variance by the Zoning Board of Appeals. We need only consider plaintiffs' allegation that the decision of the Board of Appeals is invalid in that it failed to make findings of fact specifying the reasons for making the variation, based upon evidence presented in this particular case; rather, that the Board's decision merely reiterated the generalized language of the statute.

Following a public hearing on February 23, 1965, the Zoning Board of Appeals granted the variance requested by the defendants for their property at 54th and Blackstone, Chicago, Illinois. Plaintiffs exercised their rights under the Administrative Review Act and appealed to the Circuit Court. That court, after reviewing the proceedings before the Zoning Board of Appeals, entered an order on August 6, 1965, remanding the matter to the Board for further consideration.

In accordance with the order of August 6, 1965, the Board of Appeals conducted a second hearing on September 23, 1965. Following the taking of more evi-

dence, the Board of Appeals again granted the variance by the issuance of the following order:

"Upon petition for Administrative Review, Case No. 65–L–16296, the Circuit Court of Cook County remanded this case to the Zoning Board of Appeals of the City of Chicago to take further testimony and the hearing of additional evidence from Richard Swift and William F. Epstein. The court order is dated August 6, 1965.

"After a full and complete hearing on September 23, 1965, the Zoning Board of Appeals, considering the evidence that was submitted and after hearing all the testimony and arguments of counsel, finds that the property in question cannot yield a reasonable return nor can it be put to reasonable use if permitted to be used only under the conditions allowed by the regulations in that zone; that the plight of the owner is due to unique circumstances; that the variation, if granted, will not alter the essential character of the locality.

"The Zoning Board of Appeals, therefore, affirms the granting of a variation to permit, in an R4 General Residence District, the erection of a two-story brick five unit townhouse with no north side yard instead of 7 feet 6 inches, on premises at 5400–12 S. Blackstone Avenue."

The court entered an order upholding the order of the Board of Appeals and this appeal is from that order.

Chapter 24, § 11–13–11, Ill Rev Stats 1965, is quite explicit in stating the requirements for granting a variance:

"Every variation, whether made by the board of appeals directly, or by an ordinance after a hearing before the board of appeals, shall be accompanied

by findings of facts specifying the reason or reasons for making the variation."

The Chicago Zoning Ordinance, section 11.7–3 is equally clear.

And in Lindburg v. Zoning Board of Appeals, 8 Ill2d 254, 133 NE2d 266, the Illinois Supreme Court was confronted with the same issue that we deal with here. In that case the court found that the following language in an order of the Zoning Board of Appeals of Springfield did not comply with the requirements of c 24, § 11–13–11, supra, at page 256:

> " 'It further appeared to the Board that there were at the present time other homes in the vicinity in which there were apartments for more than one family.
>
> " 'That there are practical difficulties and hardships in the way of carrying out to the strict letter the restrictions in the code pertaining to the "A" residential use of the above described property, insofar as the use of the building or structure now located thereon.
>
> " 'That the proposed variation in use of said property would not impose any undue hardship or burden on the neighborhood or adjoining property.' "

In holding that the above order did not comply with the statute, the Supreme Court stated at p 256, supra:

> "They do not contain 'findings of fact specifying the reason for making the variation.' The requirement of the statute is not met by parroting the highly generalized statutory phrases, 'practical difficulties' and 'particular hardship.' "

For the reason that the order of the Zoning Board of Appeals merely restates the general language of the statute, we hold that its order does not comply with c 23,

§ 11–13–11, supra. For the above reason the order of the Circuit Court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Order reversed and cause remanded.

LYONS, P. J. and BURKE, J., concur.