Mrs. William McCormick Blair, et al., The North State, Astor, Lake Shore Drive Association, and The Greater North Michigan Avenue Association, Plaintiffs-Appellants, v. Zoning Board of Appeals, City of Chicago, B. Emmet Harnett, et al., The Near North Management Company, Guaranty Bank and Trust Company, Trustees Under Trust No. 233, Collin M. Doyle, et al., and the City of Chicago, Defendants-Appellees.

Gen. No. 51,644.

First District, Fourth Division.

May 26, 1967.

William J. Hurley, of Chicago, for appellants.

Raymond F. Simon, Corporation Counsel, of Chicago (Sydney R. Drebin and Howard C. Goldman, Assistant Corporation Counsel, of counsel), for Zoning Board of Appeals, City of Chicago, B. Emmet Harnett, Earl J. McMahon, Hubert F. Messe, Carl M. Vitzthum, John P. Kringas, Sidney D. Smith and City of Chicago, certain appellees.

Gerald Scott Moro and Maurice J. Nathanson, of Chicago (Harry G. Fins, of counsel), for The Near North

Management Company, Guaranty Bank and Trust Company, Trustee, and Collin M. Doyle, appellees.

MR. JUSTICE DRUCKER delivered the opinion of the court.

This is an appeal under the Administrative Review Act of Illinois from a judgment of the Circuit Court of Cook County which affirmed the decision of the Zoning Board of Appeals for the City of Chicago. Appellants contend that the Zoning Board failed to make sufficient findings of fact to support its decision and, notwithstanding, the decision of the Zoning Board is against the manifest weight of the evidence. Appellants further contend that the Circuit Court erroneously denied their motion to make findings of fact in its decision.

On May 11, 1965, the Near North Management Company, for the Guaranty Bank and Trust Company as Trustee under Trust No. 233, filed an application for a variation in the zoning ordinance. The Zoning Board granted the variation and made the following "findings":

> 1. That in this case, the proposed use is to be located in an R7 General Residence District.
> 2. That there is unnecessary hardship in the way of carrying out the strict letter of the zoning ordinance.
> 3. That the property in question cannot yield a reasonable return, nor can it be put to reasonable use, if permitted to be used only under the conditions allowed by the regulations in that zone.
> 4. That the plight of the owner is due to unique circumstances.
> 5. That the variation, if granted, will not alter the essential character of the locality.

Based upon those findings the Zoning Board concluded:

> . . . the Board of Appeals having fully heard the testimony and arguments of the parties and being

fully advised in the premises, finds that in this case the proposed use is to be located in an R7 General Residence District; that there is unnecessary hardship in the way of carrying out the strict letter of the zoning ordinance; that the property in question cannot yield a reasonable return nor can it be put to a reasonable use if permitted to be used only under the conditions allowed by the regulations in that zone; that the plight of the owner is due to unique circumstances; that a variation, if granted, will not alter the essential character of the locality.

Plaintiffs then brought an action for review of that decision in the Circuit Court of Cook County in accordance with the Administrative Review Act of Illinois. The court affirmed the action of the Zoning Board. Plaintiffs filed a motion under the Administrative Review Act (Ill Rev Stats 1963, c 110, § 275(3)) requesting the court to make findings of fact and to state the propositions of law upon which its judgment was based, which was denied.

Section 11–13–4 of the Illinois Municipal Code (Ill Rev Stats 1963, c 24, § 11–13–4) provides in relevant part that:

Variations shall be permitted by the board of appeals only when they are in harmony with the general purpose and intent of the regulations and only in cases where there are practical difficulties or particular hardship in the way of carrying out the strict letter of any of those regulations relating to the use, construction, or alteration of buildings or structures or the use of land. In its consideration of the standards of practical difficulties or particular hardship, the board of appeals shall require evidence that (1) the property in question cannot yield a reasonable return if permitted to be used only under the conditions allowed by the regulations in that

zone; and (2) the plight of the owner is due to unique circumstances; and (3) the variation, if granted, will not alter the essential character of the locality. A variation shall be permitted only if the evidence, in the judgment of the board of appeals, sustains each of the 3 conditions enumerated.

Section 11–13–11 of the Illinois Municipal Code (Ill Rev Stats 1963, c 24, § 11–13–11) provides:

Every variation, whether made by the board of appeals directly, or by an ordinance after a hearing before the board of appeals, shall be accompanied by findings of facts specifying the reason or reasons for making the variation.

In Lindburg v. Zoning Board of Appeals, 8 Ill2d 254, 133 NE2d 266, the court held that the order of the Zoning Board of Appeals did not contain the findings required by statute. Those "findings," substantially similar to the "findings" made in the instant case, are set forth in relevant part on page 256:

"It further appeared to the Board that there were at the present time other homes in the vicinity in which there were apartments for more than one family.

"That there are practical difficulties and hardships in the way of carrying out to the strict letter the restrictions in the code pertaining to the 'A' residential use of the above described property, insofar as the use of the building or structure now located thereon.

"That the proposed variation in use of said property would not impose any undue hardship or burden on the neighborhood or adjoining property."

In its conclusion the court stated at page 256 that:

> The requirement of the statute is not met by parroting the highly generalized statutory phrases, "practical difficulties" and "particular hardship."

We find that in the instant case the Zoning Board of Appeals did not make the required findings of fact since it merely parroted the highly generalized language of the statute. Since those findings were not made, a court of review is unable to ascertain upon what evidence, if any, the conclusion of the Board was based.

Therefore the judgment is reversed and the cause remanded to the Circuit Court with directions that it remand the cause to the Zoning Board of Appeals with directions to make specific findings of fact as required by the statute.

Reversed and remanded with directions.

ENGLISH, P. J. and McCORMICK, J., concur.