CURTIS B. HALE *et al.*, Plaintiffs-Appellants, *v.* FIRST NATIONAL BANK OF MOUNT PROSPECT *et al.*, Defendants-Appellees.

First District (2nd Division)    No. 76-1101

Opinion filed January 17, 1978.

Richard M. Stanton, of Chicago (Jacobs, Burns, Sugarman & Orlove, of counsel), for appellants.

Bernard Carey, State's Attorney, of Chicago (Paul P. Biebel, William E. Kenny, and James Hauser, Assistant State's Attorneys, of counsel), for appellees.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Twelve property owners of Prospect Heights, Illinois (plaintiffs) appeal from the trial court's dismissal of their complaint for administrative review. (Ill. Rev. Stat. 1975, ch. 110, par. 276.) Plaintiffs had sought administrative review of a decision of the Zoning Board of Appeals of Cook County (Board) which had granted a zoning variation to Richard P. Schuld and William P. Esser (applicants). Plaintiffs contend in this appeal that: (1) the Board exceeded its authority by allowing the applicants to subdivide their property; (2) the decision of the Board is contrary to the manifest weight of the evidence; and (3) the Board denied plaintiffs due process of law by failure to conduct a hearing on the issue of plaintiffs' lack of notification as to a particular Board meeting.

While this case was pending before this court, the City of Prospect Heights (City) sought by leave of court to file a brief *amicus curiae*. In accordance with Supreme Court Rule 345 (Ill. Rev. Stat. 1975, ch. 110A, par. 345), the City's motion stated it wished to make known its views because the action taken by the Board and the court below affects both the residents and the plan of development of the City. As the property in question now lies wholly within the City's corporate limits, and the Board's action took place after the City's incorporation but before the

installation of its officers, we granted the City's request. Thus, the City in its *amicus* brief contends that the Board exceeded its authority in allowing the applicants to effectively resubdivide the subject property.

The 1¼ acres in question are located on the northwest corner of Marion Avenue and Pine Street in Wheeling Township. The property consists of two lots each with a depth of 315 feet; the width of one lot is 67 feet, the other is 100 feet. In the district for which the property was zoned, there was a requirement of a 100-foot minimum lot width with a 20,000-square-foot minimum area per lot. By their application for a variation, the applicants sought to reduce lot area requirements from 20,000 square feet to 17,787 square feet. They planned to create three parcels for single-family residences. Due to the property's dimensions, the applicants were faced with several alternatives. If two lots on Pince Street were created, one or both of the lots would have less than the required 100-foot frontage. If three lots on Marion Avenue were created, each lot would have 105-foot frontage. Lastly, if two lots on Marion Avenue were created, each lot would have approximately 155-foot frontage. At the time of the application for a variation and the public hearing, the property was located in the unincorporated area of Cook County.

When the Board conducted a public hearing on the matter of the application, the Prospect Heights Improvement Association (PHIA) and numerous homeowners in the area appeared in opposition. The vice president of PHIA presented a letter which summarized the organization's objections to the application in that the lack of an access street would create a problem in delivering fire protection, and that the residents most affected by the development did not want it. The individual homeowners and PHIA emphasized that area residents had purchased their property in reliance on their belief that the community would be developed in a certain manner.

Although the public hearing for a variation was conducted on January 7, 1976, the Board postponed a decision pending the outcome of a referendum on January 31, 1976. The referendum concerned the incorporation of an area into the City. As the result of the vote on the referendum, the subject property, on May 25, 1976, was incorporated into the City. On March 30, 1976, the Honorable Harry Comerford, Judge of the Circuit Court, County Division (which had jurisdiction of the incorporation proceeding) by letter informed the Board's chairman that the court, on March 8, 1976, entered an order to the effect that Cook County had continuing jurisdiction to administer its zoning ordinance in Prospect Heights until the City's officers were elected and installed.

Thereafter the Board announced its decision, noting plaintiffs' objections to the application as follows: (1) it would be out of character with the neighborhood; (2) it would set a bad precedent; and (3) there

would be inadequate access to the property to provide fire protection. After examining each of these contentions, the Board granted the variation. Plaintiffs then filed a complaint for administrative review, which was dismissed by the trial court upon its finding that the Board's decision was not against the manifest weight of the evidence.

I.

■■■ The findings and conclusions of an administrative agency on questions of fact are *prima facie* true and correct. (Ill. Rev. Stat. 1975, ch. 110, par. 274.) Based on our review of the record, the Board's decision was not against the manifest weight of the evidence. On administrative review, the court's function is limited to ascertaining if the findings and decision of the administrative agency are against the manifest weight of the evidence. (*DeGrazio v. Civil Service Com.* (1964), 31 Ill. 2d 482, 489, 202 N.E.2d 522; *Wolbach v. Zoning Board of Appeals* (1st Dist. 1967), 82 Ill. App. 2d 288, 296, 226 N.E.2d 679.) If there is substantial competent evidence to support an agency's action, the court will not disturb the agency's decision. (*Karasik v. City of Highland Park* (2d Dist. 1970), 130 Ill. App. 2d 566, 572, 264 N.E.2d 215.) Thus, a court will neither substitute its judgment for that of an administrative agency, nor overturn administrative findings unless they are without substantial foundation in the record. (*Bayer v. Zoning Board of Appeals* (1st Dist. 1970), 126 Ill. App. 2d 374, 377, 261 N.E.2d 791.) In granting the applicants a variation in this case, the Board stated its findings, based upon the evidence presented to it, as to each of the seven standards enumerated in section 13.73 of the Cook County Zoning Ordinance (former section 6.6c). The findings in the case at bar specified the Board's reasons for granting the variation. The findings did more than merely parrot the generalized standards of the ordinance. *Cf. Lindburg v. Zoning Board of Appeals* (1956), 8 Ill. 2d 254, 256, 133 N.E.2d 266; *Harber v. Board of Appeals* (1st Dist. 1967), 84 Ill. App. 2d 94, 97, 228 N.E.2d 152; *Blair v. Zoning Board of Appeals* (1st Dist. 1967), 84 Ill. App. 2d 159, 163, 228 N.E.2d 555.

In summary, the Board found that to require development of the property as presently subdivided would impose a hardship; that the conditions on which the variation is based are unique to the property; that the variation will create regular-sized buildable lots; that the hardship was created by the ordinance which required a minimum of 20,000 square feet per lot; that the variation would not be detrimental to the public welfare, or would not be injurious to other property or improvements in the neighborhood; that the variation would not impair an adequate supply of light and air to adjacent property; and that the variation conferred no special privilege on the applicants.

■■■ To be entitled to a variation, the applicants had to satisfy all of

the requirements stated in the ordinance. (*Reichard v. Zoning Board of Appeals* (1st Dist. 1972), 8 Ill. App. 3d 374, 381, 290 N.E.2d 349; *Asbach v. Zoning Board of Appeals* (1st Dist. 1971), 133 Ill. App. 2d 22, 24, 270 N.E.2d 535.) The Board found that the applicants met such requirements. Upon administrative review, the trial court was authorized to examine the Board's findings to determine if they were supported by competent evidence. (*Roosevelt Memorial Hospital v. Chaddick* (1st Dist. 1970), 131 Ill. App. 2d 82, 87, 266 N.E.2d 755; *St. James Temple v. Board of Appeals* (1st Dist. 1968), 100 Ill. App. 2d 302, 309, 241 N.E.2d 525.) We think the Board's decision was not against the manifest weight of the evidence. In our opinion, the trial court properly dismissed plaintiffs' complaint.

## II.

Plaintiffs and the *amicus* claim that the Board exceeded its authority by allowing the applicants to subdivide or resubdivide their property. We note for the sake of clarity that while plaintiffs and Cook County use the term "subdivision," the *amicus* uses the term "resubdivision." As the word of art "resubdivision" is the more accurate of the two, we will hereinafter use that word in our discussion. Plaintiff and the City contend that the applicants requested a variation from the lot size requirement, and that the Board went further and improperly allowed a resubdivision by creating three lots from two existing lots. As section 13.74 of the 1976 Cook County Zoning Ordinance (former section 6.6d) sets forth the instances in which variations may be granted and resubdivision is not among them, plaintiffs and the *amicus* conclude that the Board exceeded its authority. They contend that the applicants failed to follow the proper procedure; that is, to seek a resubdivision from the Board of Commissioners of Cook County either before, simultaneously with, or after the application to the Board. The Cook County Subdivision Manual, dated April 18, 1961, specifies that the final power to resubdivide lots is with the Board of Commissioners.

■■ Pursuant to section 11 of the Administrative Review Act, the trial court was authorized to determine all questions of law and of fact presented by the entire record. (Ill. Rev. Stat. 1975, ch. 110, par. 274.) Further, only questions raised before the Board were to be considered. (*Vasilopoulos v. Zoning Board of Appeals* (1st Dist. 1975), 34 Ill. App. 3d 480, 483, 340 N.E.2d 19.) Plaintiffs never raised the resubdivision issue before the Board in their amended complaint for administrative review or at the hearing before the court. Yet plaintiffs argue that due to circumstances of the case, the issue could not have been raised earlier and that the issue is one of jurisdiction raisable at anytime. Whatever merit there may be to such claims, we have chosen to review the matter.

We note that at all times during the public hearing, plaintiffs, the

applicants, and the Board treated the application as one for a variation. When its decision was reached, the Board's opinion clearly stated that a variation had been granted. In a letter dated April 8, 1976, the secretary of the Board informed the applicants that the variation had been granted and that the zoning administratrix had been ordered to issue a building permit. We think it appropriate to emphasize that the applicants proceeded pursuant to the Cook County Zoning Ordinance in seeking a variation. Prior to any subdivision or resubdivision, lots proposed for residential use in Cook County must comply with all of the requirements of the Cook County Zoning Ordinance. (Cook County Subdivision Manual of April 18, 1961, art. VIIB 3b (1), (2).) In fact, a municipality may refuse to grant a requested subdivision [resubdivision] if the applicant has failed to comply with the pertinent ordinances and statutes. (*People ex rel. American National Bank & Trust Co. v. City of Park Ridge* (1st Dist. 1960), 25 Ill. App. 2d 424, 166 N.E.2d 635.) As we said recently in *People ex rel. J. C. Penney Properties, Inc. v. Village of Oak Lawn* (1st Dist. 1976), 38 Ill. App. 3d 1016, 1019, 349 N.E.2d 637, municipal authorities have no power to suspend, even temporarily, their own ordinances.

■■ In the case at bar, the Board merely granted what was requested: a variation from the minimum lot area requirements. We note, too, that no plats of resubdivision were ever presented to or approved by the Board, nor do such plats appear in the record before us. If they had, the contention that the Board improperly exercised the powers of the Cook County Board of Commissioners might have some demonstrable basis. Lacking that, however, we can find absolutely no evidence supporting the argument put forth by plaintiffs and the *amicus*.

### III.

■■ Plaintiffs also maintain that they were denied due process because they were not notified of the decisional meeting of the Board held on April 7, 1976. The record is unclear whether plaintiffs actually received notice; and as appellants in this cause plaintiffs had the duty to present a complete record. Yet even they admit that no new evidence was heard on that date, and that the Board reached its decision based upon the evidence adduced at the public hearing held on January 7, 1976. All of the plaintiffs were present on that date and had the opportunity to express their views. The record clearly shows that the decisional meeting was postponed to April 7 because of the referendum and the letter from Judge Comerford informing the Board of its authority to determine the matter. Under these circumstances we find no denial of plaintiffs' rights to due process of law.

## IV.

During the course of this appeal, the City, in its position as *amicus curiae*, moved for summary reversal of the trial court's order and for remandment of the cause to such court with directions to enter judgment in plaintiffs' favor. The *amicus* stated in its motion that the building permit issued by Cook County to the applicants has expired; and that the property now lies wholly within the boundaries of Prospect Heights. As that city has enacted its own comprehensive zoning ordinance which requires a minimum lot size of 20,000 square feet, the *amicus* contends that the applicants must seek a variation from the City. The City argues that the applicants may no longer act pursuant to the variation granted by the Board due to the expiration of the building permit. Further, the City contends that even if this court were to affirm the trial court, the efficacy of the Board's decision granting the variation is moot because of the expiration of the building permit and the City's adoption of its own comprehensive zoning ordinance. Yet the *amicus* urges that we not merely dismiss the appeal for mootness because that would result in a lower court order contrary to the facts, circumstances, and law as they presently exist. Instead, the City posits that the case of *Union Electric Co. v. Illinois Commerce Com.* (4th Dist. 1977), 48 Ill. App. 3d 967, 363 N.E.2d 424, makes clear that this court has the discretion and power to enter appropriate orders disposing of issues determined to be moot. The City, therefore, moved this court "to summarily reverse the final Order of the Trial Court from which this appeal has been taken and to remand this cause to the Trial Court with directions to the Trial Court to enter Judgment in favor of Plaintiffs-Appellants."

In its amended response to the *amicus* motion, Cook County moved for alternative forms of relief. First, it sought the dismissal of this appeal on the grounds of mootness. Assuming for the sake of argument that the matter is moot, Cook County maintained that the appeal should be dismissed because this case is distinguishable from *Union Electric*, which falls within the public interest exception to mootness. Second, assuming again that the case is moot, Cook County argued that we should not summarily reverse the court below because an adjudication on the grounds of mootness would have collateral consequences to the applicants should they bring another proceeding. Thus, Cook County moved for either dismissal on the grounds of mootness or consideration of the merits of the appeal.

We think the motion by the City is irregular and inappropriate as the City appears in this appeal in the limited capacity of *amicus curiae*. An *amicus curiae* is not a party to the action, but is merely a friend of the court whose sole function is to advise and make suggestions to the court.

(*Corbett v. Devon Bank* (1st Dist. 1973), 12 Ill. App. 3d 559, 566, 299 N.E.2d 521; *Bee Chemical Co. v. Service Coatings, Inc.* (1st Dist. 1969), 116 Ill. App. 2d 217, 226, 253 N.E.2d 512.) When the City soughts its *amicus* status, it put forth a claim which we deem pertinent to its present motion. The City stated, in seeking leave to file an *amicus* brief that they would "make known to this Court their views on points which are critical to the residents of and plan of development in the said City." A motion for summary reversal was never filed in this court by plaintiffs.

■■ The applicant property owners, we point out, are not represented in this appeal. Thus, they have had no opportunity to respond to the City's motion. This is true despite the fact that the applicants' property rights may be damaged or prejudiced should this court grant the *amicus* motion. The action requested by the *amicus* could have drastic consequences on the rights of the property owners. Under such circumstances we deem it inappropriate to grant such a motion. We are mindful of the interest of the City. However, competing rights must be litigated in an orderly fashion. For all of these reasons we deny the *amicus* motion for summary reversal and any pending motions requesting dismissal with directions.

## V.

■■ Lastly, we recognize that certain problems inherent in the present appeal still exist. Due to the incorporation of the City and its subsequent installation of city officials and passage of a comprehensive zoning ordinance, the City has an interest in the development of applicants' property which lies wholly within the City's boundaries. Nevertheless, the applicants were properly granted a variation by the Board at a time when it possessed the jurisdiction to do so.

In summary, therefore, the applicants were granted a variation, not a subdivision or resubdivision. The trial court properly dismissed plaintiffs' complaint for administrative review, finding that the Board's decision was not against the manifest weight of the evidence. Furthermore, plaintiffs were not denied due process of law in connection with the Board's decisional meeting. Lastly, any pending motions for summary reversal or dismissal are denied. Consistent with all of the foregoing, the judgment of the circuit court of Cook County is hereby affirmed.

Affirmed.

STAMOS, P. J., and PUSATERI, J., concur.