(No. 59156.— ▮▮▮▮▮▮▮

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. B.D.A., a Minor, Appellee.

*Opinion filed May 25, 1984.*

Neil F. Hartigan, Attorney General, of Springfield, and Edward J. Litak, State's Attorney, of Danville (Robert J. Biderman and David E. Mannchen, of the State's Attorneys Appellate Service Commission, of Springfield, of counsel), for the People.

Michael D. Clary, of the Law Offices of Richard J. Doyle, of Danville, for appellee.

JUSTICE MORAN delivered the opinion of the court:

The State, pursuant to section 3—9(b) of the Juvenile Court Act, as added by Public Act 82—969 (Ill. Rev. Stat., 1982 Supp., ch. 37, par. 703—9(b)), petitioned the circuit court of Vermilion County for court determination of alternative residential placement of the minor, B.D.A. The mother of the minor filed a motion to dismiss, and following a hearing, the court entered a judgment declaring the section unconstitutional. The State appeals directly to this court. 87 Ill. 2d R. 302(a).

The facts are not in dispute. The record reveals that on the morning of June 8, 1983, the minor ran away from home. Later that day, the juvenile investigator for Vermilion County, Robert Cannon, telephoned the minor's mother and informed her that the minor was at his office. The mother went to his office and expressed her desire to take the minor home. When the minor refused to go, it was agreed that the minor would spend the night with her maternal grandparents. The next morning, the mother went to Cannon's office and reiterated her desire that the minor return home. The minor again refused, and it was agreed that she would be placed in the Youth Center for that night.

On June 10, 1983, the State filed its petition seeking court determination of alternative residential placement

of the minor. The statute then provided:

"(b) If the minor and his or her parent, guardian or custodian cannot agree to an arrangement for alternative residential placement in the first instance, or cannot agree to the continuation of such placement, and the minor refuses to return home, the minor or his or her parent, guardian or custodian, or a person properly acting at the minor's request, may file with the court a petition asking the court to make a determination regarding alternative residential placement or such other disposition as is in the best interest of the minor." (Ill. Rev. Stat., 1982 Supp., ch. 37, par. 703—9(b).)

The State alleged that authoritative intervention was necessary because the minor was absent from home without the consent of her parent and that the minor and her parent could not agree to an alternative residence.

On the same day, a hearing was held at which the minor was present with Joseph Skowronski, guardian *ad litem*. The mother, who was also present, objected to the State's petition, and her request for appointment of counsel was granted. Thereafter, the State moved that the minor be placed in temporary shelter care. Cannon was called to testify regarding the events of June 8 and 9. Following his testimony, the court placed the temporary custody of the minor in the probation officer.

On June 16, 1983, the mother filed a motion to dismiss the State's petition. A hearing on the motion to dismiss was held on June 21, 1983. At that hearing, counsel for the mother moved that section 3—9(b) of the Juvenile Court Act be declared unconstitutional. He argued that, although the mother received notice of the petition, the statute violated due process because the section itself did not provide for such notice. He also claimed that the section failed to set forth standards for determining when a minor should be placed in an alternative residence and that it did not contain a specified period of duration for the alterna-

tive placement. The State argued that if the section is construed within the context of the entire Juvenile Court Act, the due process requirements of notice and a hearing are adequately safeguarded. It also maintained that the standards for placement of a minor in an alternative residence could be found in other sections of the Act, citing section 1—19 of the Act (Ill. Rev. Stat., 1982 Supp., ch. 37, par. 701—19), and also in the language "best interest of the minor" contained within section 3—9(b) (Ill. Rev. Stat., 1982 Supp., ch. 37, par. 703—9(b)). The State further claimed that the guidelines for determining the duration of the alternative placement could be found in sections 1—19(b) and 3—3.1 of the Act (Ill. Rev. Stat., 1982 Supp., ch. 37, pars. 701—19(b), 703—3.1).

Parenthetically, we note that on August 30, 1983, prior to the court's ruling upon the motion to dismiss, the State filed a petition for adjudication of wardship of the minor. Following an adjudicatory hearing, the court placed the temporary custody of the minor in the maternal grandparents.

On September 1, 1983, the court rendered its judgment holding section 3—9(b) invalid on the basis that it did not afford the parties due process. It found that due process requires notice and a hearing before a parent can be deprived of custody of a child and concluded that since the section did not specifically provide for notice and a hearing, it was, therefore, invalid.

Overlooked by both parties and the circuit court is the fact that section 3—9(b) was amended effective August 30, 1983, two days prior to the date the circuit court entered its judgment. The section, as amended, reads:

"(b) If the minor and his or her parent, guardian or custodian cannot agree to an arrangement for alternative **voluntary** residential placement in the first instance, or cannot agree to the continuation of such placement, and the minor refuses to return home, the minor or his or her

parent, guardian or custodian, or a person properly acting at the minor's request, may file with the court a petition alleging that the minor requires authoritative intervention as described in Section 2—3 asking the court to make a determination regarding alternative residential placement or such other disposition as is in the best interest of the minor." Ill. Rev. Stat. 1983, ch. 37, par. 703—9(b). (Underscored material is new. Deleted text is stricken through.)

This court has held in similar instances that where a challenged statute is amended while the cause is pending, the question of the statute's validity becomes moot, thus rendering unnecessary its review by the court. (See *Arrington v. City of Chicago* (1970), 45 Ill. 2d 316, 317; *Lindburg v. Zoning Board of Appeals* (1956), 8 Ill. 2d 254, 255; accord, *First National Bank v. Kusper* (1983), 98 Ill. 2d 226, 235-36; *Rios v. Jones* (1976), 63 Ill. 2d 488, 494.) For example, in *Lindburg*, the court declined to decide the validity of the statute there in question, reasoning that:

"While the question of the validity of the statute is properly presented and sustains the jurisdiction of this court upon direct appeal, the constitutional question should not be decided if the case can be disposed of on other grounds. [Citations.] The considerations which prompt judicial reluctance to pass upon the validity of legislation unless it is necessary to do so are here augmented by the fact that the statute in question has been amended since this case arose." 8 Ill. 2d 254, 255.

Similarly, in *Rios*, plaintiffs, physicians, filed an action seeking to have a law which required them to pass a medical examination declared invalid. The trial court found the statute impermissibly vague and the appellate court affirmed. This court noted that the statute in question was amended during the pendency of the appeal and held that the validity of the former statute was no longer at issue. (*Rios v. Jones* (1976), 63 Ill. 2d 488, 494.) Likewise, in *Arrington*, the statute there at issue was amended while the

234

case was pending in this court. The validity of the statute was not addressed; rather the court held that "[t]his aspect of the case is now moot." *Arrington v. City of Chicago* (1970), 45 Ill. 2d 316, 317.

We conclude, therefore, that because the section has been amended, the question of its validity is rendered moot. Accordingly, the judgment of the circuit court of Vermilion County is vacated.

*Judgment vacated.*