(No. 72235.—

THE FOREST PRESERVE DISTRICT OF KANE COUNTY *et al.*, Appellees, v. THE CITY OF AURORA *et al.* (The People of the State of Illinois *ex rel.* Roland W. Burris, Appellant).

*Opinion filed September 24, 1992.*

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Jennifer A. Keller, Assistant Attorney General, of Chicago, of counsel), for appellant.

Patrick M. Kinnally, of Murphy, Hupp, Foote, Mielke & Kinnally, of Aurora, for appellees.

JUSTICE CLARK delivered the opinion of the court:

Following a bench trial, the circuit court of Kane County held unconstitutional Public Act 86—267 and Public Act 86—1387, section 2, both of which amended section 6 of the Downstate Forest Preserve District Act (Ill. Rev. Stat. 1991, ch. 96½, par. 6309). A direct appeal was taken to this court by the State pursuant to Supreme Court Rule 302(a) (134 Ill. 2d R. 302(a)).

Effective August 21, 1989, Public Act 86—267 amended section 6 of the Downstate Forest Preserve District Act (the Act) by *adding* the following pertinent language:

"No [forest preserve] district with a population of less than 600,000, located in a county which is contiguous to a county with a population over 2,000,000 and also located in a county which is not contiguous to either the State of Wisconsin or the State of Indiana, shall (i) have the power to purchase, condemn, lease or acquire an easement in property, including without limitation an easement for a flood plain, within a municipality with-

out the concurrence of the governing body of the municipality ***." Ill. Rev. Stat. 1989, ch. 96½, par. 6309.

By its language, Public Act 86—267 applied only to the Forest Preserve District of Kane County (District); no other forest preserve district satisfied these requirements.

Two months after the above amendment, the District entered into a contract to purchase the property of Robert Stumm. The Stumm property is located within the corporate limits of the City of Aurora, which is located within Kane County. In addition, the Stumm property is located immediately to the north of, and contiguous to, property owned by the District. The District did not obtain the concurrence of the governing body of the City of Aurora for the purchase of the Stumm property.

Subsequently, on February 6, 1990, the District and Stumm filed a two-count complaint for declaratory judgment and injunctive relief against the City of Aurora. The complaint alleged that Public Act 86—267 was unconstitutional in that it violated the prohibition against special legislation in the Illinois Constitution (Ill. Const. 1970, art. IV, §13) and the equal protection clauses of the United States and Illinois Constitutions (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, §2).

On April 5, 1990, the People of the State of Illinois, by and through Neil F. Hartigan, then Attorney General of Illinois, filed a petition to intervene as a matter of right, which the trial court granted. The State also filed a motion to dismiss the complaint, which the trial court denied after arguments.

Thereafter, Public Act 86—1387, section 2, effective September 10, 1990, was enacted to further amend section 6 of the Act. On March 6, 1991, the District and Stumm filed their first-amended complaint to challenge Public Act 86—1387, section 2. Public Act 86—

1387, section 2, incorporated the previously mentioned amendment to section 6 (Public Act 86—267), but deleted the reference to "the State of Indiana." Public Act 86—1387, section 2, amended section 6 of the Act, in part, to read:

"No [forest preserve] district with a population of less than 600,000, located in a county which is contiguous to a county with a population over 2,000,000 and also located in a county which is *not contiguous to the State of Wisconsin,* shall (i) have the power to purchase, condemn, lease or acquire an easement in property, including without limitation an easement for a flood plain, within a municipality without the concurrence of the governing body of the municipality \*\*\*." (Emphasis added.) Ill. Rev. Stat., 1990 Supp., ch. 96½, par. 6309.

By its language, Public Act 86—1387, section 2, applied only to the forest preserve districts of Kane County and Will County.

After a bench trial, on June 6, 1991, the trial court entered a written order holding that the amendments to section 6 of the Act, Public Act 86—267 and Public Act 86—1387, section 2, were special and local legislation in violation of article IV, section 13, of the Illinois Constitution, and also violated the equal protection clauses in both the State and Federal Constitutions. The trial court explained that the classification based upon population and "contiguity" and "noncontiguity" in these amendments bore no rational relation to any legitimate legislative purpose. The trial court also "enjoined and restrained permanently" the City of Aurora from enforcing section 6 of the Act, insofar as it was amended by Public Act 86—267 and Public Act 86—1387, section 2.

Following the trial court's order, on July 22, 1991, the State moved the trial court to stay enforcement of its judgment. The trial court refused, and on July 22,

1991, the Stumm property was sold to the District. On appeal, the State does not seek to have the sale of the Stumm property rescinded; rather, the State contends that the validity of section 6 is still at issue because the potentially unconstitutional language remains, and resolution of this case would avoid future litigation.

The resolution of this case is straightforward in light of the legislature's most recent amendment to section 6 of the Act. This amendment, Public Act 87–847, became effective February 5, 1992, and it effectively nullified the two amendments to section 6 which were the focus of this case and which had been held unconstitutional by the circuit court. Section 6, as amended by Public Act 87–847, now reads in pertinent part:

> "No district with a population of less than 500,000 shall (i) have the power to condemn property for a linear park or trail within a municipality without the concurrence of the governing body of the municipality ***." Ill. Rev. Stat. 1991, ch. 96½, par. 6309.

In amending section 6 by Public Act 87–847, the legislature has rendered our review of this matter moot. A matter is considered moot when it " 'presents or involves no actual controversy, interests or rights of the parties, or where the issues have ceased to exist.' " (*First National Bank v. Kusper* (1983), 98 Ill. 2d 226, 233, quoting *People v. Redlich* (1949), 402 Ill. 270, 278-79.) Further, this court has held that "where a challenged statute is amended while the cause is pending, the question of the statute's validity becomes moot, thus rendering unnecessary its review by the court." (*People v. B.D.A.* (1984), 102 Ill. 2d 229; see also *Kusper*, 98 Ill. 2d at 235-36; *Rios v. Jones* (1976), 63 Ill. 2d 488, 494-95; *Arrington v. City of Chicago* (1970), 45 Ill. 2d 316, 317; *Lindburg v. Zoning Board of Appeals* (1956), 8 Ill. 2d 254, 255.) Given that the

Stumm property has been sold, and more importantly, that the legislature has amended the potentially unconstitutional language in section 6 of the Act, there is no controversy between the parties and this case is moot.

Accordingly, the judgment of the circuit court of Kane County is vacated.

*Judgment vacated.*