*Judgment reversed.*

---

THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant, *v.* ABNER WILLIAMS, Appellee.

### APPEAL FROM PERRY.

If an action is brought against a railroad company under the statute, and the negligence charged results from an omission to erect a fence, the declaration should show that the accident did not happen at a place where the company is not bound to maintain a fence.

A town or village, within the meaning of the statute requiring railroad corporations to construct fences, may exist, although there is no plat of the same, dedicating streets, etc., in the manner pointed out by the statute in that regard.

WILLIAMS filed his declaration in case, against the Illinois Central Railroad Company, in the Perry Circuit Court, to recover damages for the loss of a cow, killed on the road of the company in July, A. D. 1856.

There were several counts in the declaration, substantially as follows: averring "that it was in consequence of the negligence of the defendant in not keeping the fence which inclosed the track of said railroad in good repair, and permitting gates and cattle-guards to remain open, that said animal en-

tered upon said railroad track, and was killed, whereby," etc.
No averment, in the declaration, that the place where the accident occurred, was not in a village, etc., or at a crossing.

A demurrer to the declaration was overruled. The defendant then pleaded not guilty, and some special pleas. There was trial by jury, and a finding for the plaintiff below. The defendant below prayed this appeal.

An erroneons instruction, given on the trial, is set out in the opinion of the court. The cause was tried before PARRISH, Judge.

HAYNIE & GREEN, for Appellant.

R. S. NELSON, for Appellee.

CATON, C. J.  As this action was brought under the statute, and the negligence charged, is not fencing the road, the declaration is defective in not stating that the place where the accident happened is not within a city, town or village, or at a road crossing, for at those places the company was not bound to maintain a fence, and it was necessary to show affirmatively, that it was the duty of the company to maintain the fence at the particular place, by negativing all those provisions of the statute exempting it from fencing in particular places.

The court also erred in its instruction, as to what constitutes a town or village, under the statute.  The instruction is this: "To constitute a town, city or village, there should be something more than simply a place or point at which people live. There must be a dedication of the streets, alleys, etc., to the public."  This was substantially telling the jury that no matter how many people lived at the place, or what business was done there, it could not be a town or village unless it was laid out and platted under our statute.  Such is not the law.  Any small assemblage of houses, for dwellings, or business, or both, in the country, constitutes a village, whether they are situated upon regularly laid out streets and alleys, or not.  And the proof abundantly shows that this was a village.  It was called St. Johns.  There was at this point, a railroad station, a mill, a blacksmith shop, a store, and a grocery.  The number of dwellings is not given, but the reasonable presumption is, that they were sufficient at least to accommodate the persons doing business in the village.  But there was no proof that there were streets and alleys laid off and dedicated to the public, hence the jury were bound to find that St. Johns was not a village, according to the instructions of the court.  The judg-

ment is reversed and the cause remanded, with leave to the plaintiff to amend his declaration.

*Judgment reversed.*