## The Toledo, Wabash and Western Railway Co.

### *v.*

## C. O. Chapin.

Railroad—*duty to fence—excepted place.* Where a railroad company had a switch outside the platted limits of an unincorporated village, but adjacent to the same, and in this locality there was a warehouse and a store, and it was used by the public as much as any portion of the village, and the switch was so located that it could not be reached by teams for loading and unloading if there was a fence erected there: *Held*, that the facts were sufficient to justify the inference that the place was ground open to the public, where a fence was not required.

APPEAL from the Circuit Court of Morgan county; the Hon. CHARLES D. HODGES, Judge, presiding.

This action was originally brought before a justice of the peace, by C. O. Chapin, the appellee, against the Toledo, Wabash and Western Railway Company, to recover for the killing of a cow, and taken by appeal to the circuit court, where a trial was had, resulting in a verdict and judgment in favor of the plaintiff for $81.75. The facts of the case are stated in the opinion of the court.

Mr. WILLIAM H. BARNES, for the appellant.

Messrs. MORRISON & WHITLOCK, for the appellee

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action on the case, against the Toledo, Wabash and Western Railway Company, to recover damages for the alleged killing of a cow by a locomotive of appellant.

The only question is, was the killing at a place where, by law, the railway company was required to erect a fence ?

The track at Chapin, where the accident occurred, is so constructed that one of the switches is placed outside of the limits of the village as platted, but so located that it could not be reached by teams for loading and unloading if there was a fence erected there. It is open public ground, or so used by the public as practically to constitute it a part of the village.

In the case of *The Illinois Central R. R. Co.* v. *Williams*, 27 Ill. 48, it was said, a town or village, within the meaning of the statute requiring railroad companies to erect fences, may exist, although there is no plat of the same dedicating streets, etc., in the manner pointed out by statute.

In this locality there was a warehouse and a store, and we should infer, from the testimony, as much used by the public as any portion of the village.

In the view we have taken of this case, we think the following instruction, asked by appellant, should have been given:

"That, in determining the limits of the village of Chapin, the location of the plat will not determine, but it must be determined from the facts and circumstances surrounding it; and if they believe, from the evidence, that the town lots come down to north side of right of way of the defendant, and that switches were used on both sides of the main track to receive and deliver freight, and that the public used the open space south of the main track in getting to and from cars standing on the switches, and that dwellings and stores and warehouses were near and around the location where the cow was struck, or killed, these facts ought to be considered in determining the limits of the town of Chapin, and whether the cow was struck, or killed, within the limits of said town."

This village was not incorporated, consequently no chartered rights are involved in the case. It is simply the question whether, under the circumstances of this location, the railroad company was required to fence.

We are of opinion there were sufficient facts before the jury to justify the inference that the *locus* was ground open to the public, where a fence was not required, and would be useless if constructed.

The judgment is reversed and the cause remanded.

*Judgment reversed.*

Mr. Justice Walker: I do not concur in the decision of this case. I hold that the company should have fenced at the place where the animal was killed, and the instruction was properly refused.