## Chicago and Alton Railroad Company

*v.*

## Martin Rice.

1. New trial—*verdict against the evidence.* A verdict against a railroad company for the killing of a horse on its track, can not be sustained where there is absolutely no evidence on the question of the value of the horse.

2. Negligence. Where a team of horses ran away from their driver, and got upon a railroad track, in an incorporated town, where the company was not required by law to fence its track, and ran along the track until they fell into an old cattle-guard, and a freight train came along, and the engine-driver did all that he could to stop his train as soon as he saw the team, but was unable to do so, and the train ran over and injured the horses, it was *held*, that there was no negligence on the part of the company, and that a recovery against it could not be maintained.

Appeal from the Circuit Court of McLean county; the Hon. Thomas F. Tipton, Judge, presiding.

Messrs. Williams, Burr & Capen, for the appellant.

Mr. James P. Grove, for the appellee.

Mr. Justice Scott delivered the opinion of the Court:

There seems to be a total want of evidence to support the verdict in this case. The evidence fails to show the value of the horse alleged to have been killed on appellant's road. There is absolutely no evidence on this question. This point is alone conclusive as to the present judgment; but we are unable to perceive that the company has been guilty of the slightest negligence. The accident which produced the death of appellee's horse must be attributed to his own want of due care. The horse that was killed was one of a team, and the first that was seen of them, they were discovered running away with a wagon. This was within the corporate limits of the town of Normal. They had left the traveled street, and were running upon the track of appellant's road. How they

got away from the driver, is not shown by the evidence. After following the track for some considerable distance, the horses fell into an old cattle-guard, at the Main street crossing, and a freight-train, following close behind them, passed over and killed one of them. The accident occurred just before daylight, and it distinctly appears that, as soon as the wagon and horses were discovered, the engine-driver did everything in his power to stop the train, but was unable to do so in time to avoid a collision. The place where the horses got on the track was within the corporate limits of Normal, at a point where the company was not required by law to fence its road.

In no view that can be taken can this judgment be sustained, and it is accordingly reversed and the cause remanded.

*Judgment reversed.*