## The Toledo, Wabash and Western Railway Co.

### *v.*

### Joseph Spangler.

Railroad—*when not required to fence their track and make cattle-guards.* A railroad company is not bound to fence its track or make cattle-guards within the limits of a village; and a place where there is a station house, a warehouse, a store, a blacksmith shop, a postoffice and five or six dwelling houses, whether they are situated upon regularly laid out streets and alleys or not, comes fully up to the requirements of a village, for the purpose of excusing a railroad company from fencing its track within the limits thereof.

Appeal from the Circuit Court of Macon county; the Hon. Arthur J. Gallagher, Judge, presiding.

Messrs. Nelson & Roby, for the appellant.

Messrs. Eden & Odor, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action on the case, brought by appellee against appellant, to recover for injury to stock on the railway of the latter, alleged to have been occasioned by the neglect of appellant to fence its road and make suitable cattle-guards at a highway crossing.

No denial is made of the fact that the stock injured got on the track at a highway crossing, and it is not claimed that there were cattle-guards at the place, or that the road was fenced, but appellant insists that the highway crossing was within the limits of a village, and that the railway company was not bound to fence its road or construct cattle-guards at that place, and this is the only question which is made.

It appears, from the evidence, that the place was called Sangamon Switch, or Sangamon Station; that there were 1090 feet of side-track between the switch-stands there; that the stock got on the track within the limits of the switch, the highway being near the center of the switch, and 25 to 30 steps from the station house; that the open space occupied by the switch has always been used by the people of the neighborhood in handling freight, loading grain, etc., a great deal of freight business being done there.

There are at this locality, a station house, a warehouse, one store, a blacksmith shop, a postoffice, and five or six dwelling houses.

We think this place comes fully up to the requirements of a village, as recognized by this court in *Illinois Central Railroad Co.* v. *Williams*, 27 Ill. 49. It was there said: "Any small assemblage of houses for dwellings or business, or both, in the country, constitutes a village, whether they are situated upon regularly laid out streets and alleys or not." And see *Toledo, Wabash and Western Railway Co.* v. *Chapin*, 66 Ill. 504.

This road crossing, then, being within the limits of a village, the company were not required to fence their track or have cattle-guards there. *Headen* v. *Rust*, 39 Ill. 186. And consequently are not chargeable with neglect in that respect.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*