# LOUISVILLE, EVANSVILLE & ST. LOUIS CONSOLIDATED RAILROAD COMPANY

## v.

## ISAAC W. DULANEY.

*Railroads—Negligence of—Injury to Stock—Failure to Fence—Hog—Contributory Negligence—Evidence.*

1. The mere fact that the owner of stock allowed the same to run at large, contrary to law, and it is injured by a railroad train upon an unfenced right of way, the law requiring the same to be fenced, will not bar a recovery, where the company's servants failed to use reasonable care and precaution, under all the circumstances of the case, to avoid the injury.

2. In the case presented, this court holds that the evidence justified the jury in finding defendant's engineer guilty of such gross and wilful negligence as warranted a verdict for the plaintiff, notwithstanding the fact that he allowed his animal to run at large.

3. This court holds as erroneous, the failure to exclude a remark made by the plaintiff while testifying, its substance being that domestic animals were allowed to run at large in his township, there being no stock law, for the reason that it was not the best evidence to prove the fact.

[Opinion filed June 21, 1892.]

APPEAL from the Circuit Court of Jefferson County; the Hon. E. D. YOUNGBLOOD, Judge, presiding.

Mr. C. H. PATTON, for appellant.

Mr. G. B. LEONARD, for appellee.

GREEN, P. J. This suit was commenced by appellee before a justice of the peace to recover from appellant the value of a hog, whose death resulted from being struck by the engine of appellant. The cause was tried in the Circuit Court on appeal from the justice court; a verdict in favor of plaintiff for twenty dollars damages was returned; defendant's motion for a new trial was overruled, judgment was entered on the verdict, and defendant took this appeal. It is conceded that the

animal belonged to appellee and was suffered to run at large; that it was struck by appellant's engine, and so injured that it could not recover, and was then killed by the section hands employed by appellant; that appellee was damaged at least ten dollars by its loss, and that ten dollars is a reasonable fee for the services of his attorney in trying the cause. But on behalf of appellant it is insisted the court erred in not excluding this remark made by appellee while testifying on his own behalf: "There is one other thing I might state. Domestic animals are allowed to run at large in our township; we have no stock law." This was not the best evidence to prove that fact, and it was error to admit it, but in the view we take of the case we ought not to reverse the judgment on this account. Under the other facts proven, the plaintiff's right to recover would not be defeated, even if the statute had not been suspended and animals could not lawfully run at large in said township. It is next urged on behalf of appellant that appellee was guilty of such contributory negligence in suffering his hog to run at large, as to bar his right to recover, and T. W. & W. Ry. Co. v. Barlow, 71 Ill. 640; C. & A. R. R. Co. v. Rice, 71 Ill. 567; T. W. & W. Ry. Co. v. Spangler, 71 Ill. 568; Ewing v. C. & A. R. R. Co., 72 Ill. 25, and P. P. & J. R. R. Co. v. Champ, 75 Ill. 577, are cited in support of this contention. In the first case it is said the animal was running at large in violation of the statute and was unlawfully upon defendant's right of way; that in such case defendant was not in general liable, unless its servants after they discovered the animal was in danger, might by the exercise of proper care have prevented the injury. In the next case the facts were that a team of horses ran away and got on the railroad track within the limits of an incorporated town at a place where the defendant was not required to fence, and were injured without negligence of its servants in charge of its train, and no evidence was introduced on the question of the value of the horses. For these reasons judgment was reversed. In the fourth case it was held the injury occurred in a village, at a place defendant was not bound to fence or maintain cattle guards. In the next case it is held, the fact

that the owner of stock permits it to run at large in violation of the statute does not relieve a railroad company from the duty to fence its road or from liability for stock injured in consequence of its failure to do so. That it is not sufficient to charge plaintiff with contributory negligence in a suit against a railroad for injury to stock, to show that the owner permitted it to run at large. But it must appear he did so under such circumstances that the natural and probable consequence would be that the stock would go on the track and be injured. It is a question of fact for the jury.

In the last case cited it was held that although plaintiff was guilty of contributory negligence by his unlawful act in turning his horse upon the common, when he knew it could get on defendant's railroad track, this fact did not relieve defendant from the duty of exercising proper care and reasonable precaution to avoid the accident. On this branch of the case, on behalf of appellee, some of the cases cited by appellant are relied upon to support the converse of said contention, and Cairo, etc., Ry. Co. v. Woolsey, 85 Ill. 370; T. P. & W. Ry. Co. v. Logan, 71 Ill. 191, and P. R. I. & St. L. R. R. Co. v. Irish, 72 Ill. 404, are also cited. These cases are all in point, and in the last one it is held, the law prohibiting domestic animals from running at large, in force October 1, 1872, does not repeal or nullify any of the provisions of the act of February 14, 1855, requiring railroad companies to fence their roads; and in suits to recover for stock killed, it is a question of fact for the jury to determine from all the circumstances in evidence, whether the act of the owner in permitting his animal to run at large, in violation of the law, is contributory negligence. We understand the rule to be, as announced in such of these cases cited as are pertinent here, that the mere fact that the owner of stock injured by a railroad train, and which entered the right of way at a place the road was required to fence, and was not fenced, suffers said stock to run at large contrary to law, does not bar his right to recover, but other facts and circumstances must be shown; and furthermore, it must appear the defendant's servants used reasonable care and precaution, under all the

circumstances surrounding them at the time of the injury, to avoid the accident, before the owner can be found guilty of such contributory negligence as would defeat his suit. We are satisfied, after an examination of the record, the jury properly found against appellant's defense of contributory negligence. In our judgment the evidence justified the jury in finding defendant's engineer guilty of such gross and wilful negligence, resulting in the injury complained of, as warranted a verdict for appellee, notwithstanding the fact he permitted his animal to run at large.

It appears from the evidence that appellant's train was running east through the village of Bluford at a speed of twenty-five or thirty miles an hour, toward a highway crossing distant about a quarter of a mile from the platform of the village depot; that for this distance the track was straight and the hog was seen walking on it, east of the crossing, by persons at or near the platform, as the train passed them. The engineer could then have seen the animal on the track had he looked ahead, as it was his duty to do. Instead of doing this, he was looking around in another direction as the train passed the depot, and it had run within sixty feet of the hog before he saw it. It was then too late to stop the train and avoid the accident. He testified to this and no reason is shown for his omission to perform a duty so necessary and important. This wilful negligence and the neglect of appellant to fence its road as required by law, caused the injury complained of and damage to appellee, for which appellant was legally liable. The allowance of the attorney's fee is objected to for the alleged reason that the injury was not the result of the failure to fence. The greater weight of evidence shows the animal was struck and injured outside of the village limits, east of said crossing, at a place where the law required appellant to fence its road. It further appears there was no fence maintained for some distance each side of the crossing along the right of way, and at the time of the injury there was snow on the crossing, which had not been disturbed, and the tracks of the hog were found only in the railroad track each side of and over the crossing, indicating that the animal had entered

the right of way at a place west of the crossing, where, by law, appellant was required to fence but had not done so, and by reason of this neglect the animal got upon the railroad track and was struck and injured by the engine of appellant. Instructions numbered one, two, three and five, which the court was requested to give on behalf of defendant, were properly refused. Number one omits any mention of the engineer's neglect to look ahead of his train, and would have misled the jury. Number two and number three announced incorrect propositions of law under the facts proven. Number four merely stated the fact that no legal evidence had been introduced showing that plaintiff's hog was lawfully running at large. We hold it to be immaterial in this case whether or not the animal was lawfully permitted to run at large, hence it was not error to refuse this instruction. Instructions were given for defendant which do not appear in the abstract, covering all the material points contained in the refused instruction number five, and more favorable to appellant than it was entitled to. We find no error requiring the reversal of this judgment and it is affirmed.

*Judgment affirmed.*