(No. 39914.—

THE PEOPLE *ex rel.* THE COUNTY OF DU PAGE, Appellee, *vs.* JOHN B. LOWE *et al.,* Appellants.

*Opinion filed January 19, 1967.*

Samuel A. La Susa, of Chicago, (Dom J. Rizzi, of counsel,) for appellants.

William V. Hopf, State's Attorney, of Wheaton, for appellee.

Mr. Justice Klingbiel delivered the opinion of the court:

This *quo warranto* proceeding was initiated by the State's Attorney of Du Page County challenging the validity of the incorporation of the village of Weston and the authority of its elected officials to hold office. The circuit court of Du Page County found that the village had been lawfully incorporated and that the defendant officers legally held office. On appeal by the People to the Appellate Court, Second District, the judgment was reversed and the cause remanded with directions to enter an order of ouster. (*People ex rel. Du Page County v. Lowe, 67 Ill. App. 2d 369.*) We granted leave to appeal.

The sole issue in this case is the validity of an order of the county court of Du Page County directing a referendum to be held on the question of whether to incorporate the village of Weston. The People contend that the county court's order was void since it lacked an express finding that

the area under consideration was "a village in fact". They contend further that since the court had no authority to order the election, the subsequent incorporation of the village was likewise a nullity. In order to resolve this question it is necessary to examine the relevant provisions of the Illinois Municipal Code as amended. Ill. Rev. Stat. 1963, chap. 24, par. 1—1—1 *et seq.*

Section 2—3—5 of the act describes the type of area which may be incorporated as a village and sets forth the procedure to be followed to initiate the process of incorporation. The statute provides in pertinent part that "Whenever any area of contiguous territory, not exceeding 2 square miles, and not already included within the corporate limits of any municipality and has residing thereon at least 400 inhabitants living in dwellings other than those designed to be mobile, it may be incorporated as a village as follows:

"Thirty-five electors residing within the area may file with the county clerk of the county in which such area is situated a petition addressed to the judge of the county court.

"The petition shall set forth (1) a definite description of the land intended to be embraced in the proposed village, (2) the number of inhabitants residing therein, (3) the name of the proposed village, and (4) a prayer that a question be submitted to the electors residing within the limits of the proposed village whether they will incorporate as a village under this Code."

The parties agree that the petition filed in this case on March 19, 1963, complied with the requirements of section 2—3—5.

Section 2—3—6 sets forth what shall occur after the filing of such a petition. The statute provides that "Upon the filing of such a petition with the county clerk, the county judge shall hear testimony and rule that the area under consideration is or is not a village in fact. The ruling of the judge shall be entered upon the records of the county court.

If the judge rules that the area does not constitute a village in fact, the petition to incorporate the area as a village is denied and no subsequent petition concerning village incorporation of any of the land described in the earlier petition may be filed within one year. If the judge rules that the area does constitute a village in fact, such judge shall perform the same duties with reference to fixing the time and place of such election, appointing judges of election thereof, and giving notice, as are required to be performed by the corporate authorities in Section 2—3—1." The section then goes on to describe the form of the ballot and the method of handling the returns of the election. The section concludes with the provision that "If the majority of the votes cast at the election favor incorporation as a village under the general law the inhabitants of the territory described in the petition are incorporated as a village under this Code with the name stated in the petition." Ill. Rev. Stat. 1963, chap. 24, par. 2—3—6.

In the case at bar, the county court conducted a hearing upon the filing of the petition and heard evidence as to the area to be incorporated, including its location, its physical attributes, and the number of inhabitants therein. The court then made the following findings:

"1. That the area of territory described in said petition constitutes an area of contiguous territory located wholly within less than two square miles, and that no part of such area of contiguous territory is already included within the corporate limits of any existing municipality heretofore organized under and pursuant to the statutes of the General Assembly of the State of Illinois, and that no part of such area of contiguous territory lies within one mile of the boundary line of any existing municipality heretofore organized under and pursuant to the statutes of the General Assembly of the State of Illinois.

"2. That the area of contiguous territory described in said petition above referred to has residing thereon at least

400 inhabitants living in dwellings other than those designed to be mobile as of the date of the filing of said petition with the county clerk of Du Page County, Illinois.

"3. That the said petition above referred to is properly addressed to the judge of the county court, Du Page County, Illinois, and is signed by the genuine signatures of more than thirty-five (35), namely thirty-eight (38) electors who do reside within the area of contiguous territory referred to and described in said petition, and that none of the signers to said petition has withdrawn his signature from said petition.

"4. That no election to organize a village under and pursuant to the laws of the General Assembly of the State of Illinois has been held within any part of the territory described in the petition above referred to within one year preceding the date of the filing of said petition with the county clerk of Du Page County, Illinois.

"5. That the said petition above referred to sets forth a definite description of the lands intended to be embraced in the proposed village; that said petition sets forth the number of inhabitants residing within the area of contiguous territory described in said petition, exceeding four hundred inhabitants living in dwellings other than those designed to be mobile; that said petition sets forth the name of the proposed village, which shall be 'Weston' and said petition contains a prayer that the question be submitted to the electors residing within the limits of the proposed village whether they will incorporate as a village under the provisions of the Act of the General Assembly of the State of Illinois, entitled 'The Illinois Municipal Code. 1961, May 29, Laws 1961' and also known as Chapter 24, Sections 2—3—5 and 2—3—6 of the Illinois Revised Statutes, as amended, and that all the allegations contained in said petition are true and said petition is in proper form and said petition in all respects complies with the applicable provisions of Article 2—3—5 and 2—3—6 of the Act of the

General Assembly of the State of Illinois, entitled 'The Illinois Municipal Code. 1961, May 29, Laws 1961' as amended, and also known as Chapter 24, Sections 2—3—5 and 2—3—6 of the Illinois Revised Statutes and that this Court has jurisdiction of the subject matter and of the said petition above referred to."

The court then proceeded to order a special election pursuant to statute, and the election resulted in the approval of the incorporation of the village of Weston. The defendant officers were then elected to office.

The People argue that the county court's findings in this case did not contain a ruling that the "area under consideration is * * * a village in fact" as required by section 2—3—6, and that the village of Weston could not be legally incorporated in the absence of such a ruling. In support of this contention, they point out that prior to 1959 the statute did not require the court to hold a hearing on a petition to incorporate a village, nor did it require that there be a ruling as to whether the area was "a village in fact". They argue that by amending the statute, the legislature intended that in order to qualify for incorporation as a village, an area must not only meet the requirements for incorporation set forth in section 2—3—5 (*i.e.*, area, population, location, type of dwellings) but must also possess the additional attributes of a "village in fact". They urge that "the legislature must have meant the additional requirement or it would not have passed the amendment."

The basic question which is thus before us is what the General Assembly of Illinois intended when it amended the statute by adding the requirement of a hearing on a petition to incorporate a village and a ruling by the court that "the area under consideration is or is not a village in fact". Section 2—3—6 clearly states that if the court rules that the area is not a village in fact, then the petition is deemed denied and the village cannot be incorporated. But does this mean that the legislature has determined that in order to

qualify for incorporation an area must now possess characteristics and meet requirements in addition to those already set forth in section 2—3—5, and if so, when does an area qualify as a "village in fact"? What is the distinction between "a village" and "a village in fact"?

In this State and in many other jurisdictions, the term "village" has been defined as "Any small assemblage of houses, or dwellings, or business, or both, in the country * * * whether they are situated upon regularly laid out streets and alleys, or not." (*Illinois Central Railroad Co.* v. *Williams,* 27 Ill. 48, 49; *Hebert* v. *Lavalle,* 27 Ill. 448; *Toledo, Wabash and Western Railway Co.* v. *Spangler,* 71 Ill. 568; *Martin* v. *People ex rel. Huck,* 87 Ill. 524; 44 Words and Phrases 454 *et seq.* (1962).) The People argue, however, that a "village" and a "village in fact" are not one and the same.

The phrase "village in fact" first appeared in the statutes of this State in 1959 when the General Assembly amended section 3—6 of the revised Cities and Villages Act (Ill. Rev. Stat. 1959, chap. 24, par. 3—6,) to provide for the hearing and ruling by the county judge as to whether the area under consideration is or is not a village in fact. However, the statute does not expressly define the meaning of the phrase "village in fact", and this has led our courts to refer to certain Wisconsin cases in which the term "village in fact" has been created by judicial decision.

In *In re Incorporation of Oconomowoc Lake,* 270 Wis. 530, 72 N.W.2d 544, the Wisconsin Supreme Court, following its earlier decision in *People ex rel. Town of Holland* v. *Lammers,* 113 Wis. 398, 86 N.W. 677, 89 N.W. 501, 503, held that as a prerequisite to incorporation as a village under the Wisconsin statutes the territory in question must be "a village in fact"; that it must have "a reasonably compact center or nucleus of population" and its territory must be "distinctly urban in character, with such adjacent lands as are naturally connected with, and are reasonably appurten-

ant and necessary for, future growth in view of its surrounding and circumstances of location and prospects of future prosperity." (270 Wis. at 535.) The court stated further that it is only when an area has "developed its conveniences and social and domestic life to village purposes" can it be considered a village in fact. (270 Wis. at 532.) In a subsequent chapter of the same litigation, the Wisconsin Supreme Court held in *In re Incorporation of Village of Oconomowac Lake,* 7 Wis. 2d 400, 403, 97 N.W.2d 189, 191, that "a community devoted exclusively to residential development and possessing the spirit of togetherness or that core of community spirit characterized by a unity of action and purpose is a village in fact within the meaning of the constitution."

We noted in *Western National Bank* v. *Village of Kildeer,* 19 Ill.2d 342, 353, "The Wisconsin concept of a village, circumscribed by the term 'village in fact' as announced in these cases, is based upon an implied limitation contained in the constitution of that State as interpreted by its courts." The Wisconsin court stated that, "the implied constitutional requirement is basic and cannot be read out of the statute, but must be considered as underlying the legislative enactment. * * * Even where the statutory requirements including area and population have been complied with, it is nevertheless the duty of the court to determine in each case whether the territory seeking to be incorporated as a village is a village in fact." (*In re Incorporation of Village of Oconomowoc Lake,* 270 Wis. 530, 536, 72 N.W.2d 544, 547-8.

The only case in which we have considered the phrase "village in fact" is *Western Nat. Bank* v. *Kildeer,* 19 Ill.2d 342. In that case, we construed section 3—6 of the Revised Cities and Villages Act as it existed prior to the 1959 amendment which added the "village in fact" language which we are here concerned with. The holding of that case did not involve a definition of the term "village in fact".

However we did refer in the opinion to the Wisconsin "village in fact" concept and there is *dicta* in the opinion to the effect that our legislature, by its 1959 amendment to section 3—6 had intended "to add the 'village in fact' concept". (19 Ill.2d at 353.) There is other *dicta* in the opinion to the same effect. In its decision in the instant case, the Appellate Court relied on this *dicta* in concluding that an area could not be incorporated as a village unless it was a "village in fact" and that the incorporation of the village of Weston was invalid since the county court had not specifically ruled that the area possessed the attributes of a village in fact. Further consideration of sections 2—3—5 and 2—3—6 of the Illinois Municipal Code as amended leads us to the conclusion that the above referred to *dicta* in the *Kildeer* decision should be disaffirmed.

In our opinion, reference to the Wisconsin cases is entirely unnecessary in determining the meaning of the words "village in fact" in section 2—3—6. Section 2—3—5 clearly states what areas "may be incorporated as a village"; namely, "any area of contiguous territory, not exceeding 2 square miles, and not already included within the corporate limits of any municipality and has residing thereon at least 400 inhabitants living in dwellings other than those designed to be mobile". Prior to the 1959 amendment, section 3—6 of the Revised Cities and Villages Act provided that upon the filing of a petition for incorporation containing the requisite allegations, the county judge was to proceed immediately to fix a time and place for an election (Ill. Rev. Stat. 1957, chap. 24, par. 3—6), and there was no duty on the court to determine if the area described in the petition was such as "may be incorporated as a village" as specified in section 3—5, now section 2—3—5. We assume that the basic purpose of the amendment to the statute was to provide for a hearing by the court to determine whether the area sought to be incorporated met the requirements set forth in former section 3—5, now section 2—3—5. It follows

that if the court was to hear testimony and conduct a hearing on this matter, there would be a ruling on whether these qualifications were met, and we think that the statutory requirement that the court rule on whether "the area under consideration is or is not a village in fact" is simply a requirement that there be a ruling on whether the area was in fact one which "may be incorporated as a village" as defined in section 2—3—5. So construed, sections 2—3—5 and 2—3—6 are coherent and complete within themselves.

As suggested above, the unique Wisconsin concept of a "village in fact" grew out of a line of cases in that State which impose an implied constitutional limitation on the statutes of that State relating to incorporation of villages. It is not at all clear that when our legislature used the words "village in fact" in section 2—3—6 of the Illinois Municipal Code it was referring to the meaning attributed to those words by the Wisconsin courts, and we will not infer that the legislature of our State intended to adopt this special concept when the meaning of the words "village in fact" as used in section 2—3—6 can readily be ascertained from an examination of the preceding section 2—3—5. If the legislature had intended the words "village in fact" to have some independent meaning we think that the legislature would have so indicated. In the absence of such indication, we must assume that the legislature did not intend to add any additional substantive requirement for an area to be incorporated as a village. All that was added was a procedural safeguard to assure that areas under consideration for incorporation as a village did in fact meet the requirements for incorporation as a village, as set forth in the statutes of this State.

An examination of the findings of the county court of Du Page County in this case reveals that the court clearly ruled that the area under consideration was an area of contiguous territory not exceeding two square miles and not already included within the corporate limits of any municipality and that the area had living thereon more than

400 inhabitants living in dwellings other than those designed to be mobile; *i.e.,* that it was an area which "may be incorporated as a village" as stated in the first paragraph of section 2—3—5. Even though the words "village in fact" do not appear in the ruling of the county court of Du Page County, it is clear that the substance of the court's ruling was that the area under consideration was "a village in fact" within the meaning of the statute. Thus, the requirements of the statute in this regard were met, and the judgment of the appellate court to the contrary must be reversed.

The judgment of the appellate court is reversed and the judgment of the circuit court of Du Page County is affirmed.

*Appellate court reversed; circuit court affirmed.*