*In re* PETITION TO CALL AN ELECTION ON THE QUESTION OF IN-
CORPORATING THE VILLAGE OF FOREST KNOLL.

Second District   No. 86—0065

Opinion filed October 10, 1986.

Wendy U. Larsen, Charles L. Siemon, Gerald P. Callaghan, and William W. Merrill III, all of Siemon, Larsen & Purdy, of Chicago, for appellants.

Murray R. Conzelman, of Conzelman, Schultz, Snarski & Mullen, of Waukegan, and Thomas H. Compere, of Lake Forest, for appellees.

JUSTICE LINDBERG delivered the opinion of the court:

A petition was filed in the circuit court of Lake County requesting that an election be called on the question of whether a village to be named  Forest Knoll should be incorporated. (Ill. Rev. Stat. 1985, ch. 24, par. 2—3—5a.) The cities of Lake Forest and North Chicago filed objections to the petition. Both objectors moved for judgment on the pleadings on the basis that it was undisputed that the objectors did not consent to the incorporation as required by section 2—3—5a of the Illinois Municipal Code. (Ill. Rev. Stat. 1985, ch. 24, par. 2—3—5a.) Petitioners moved to strike the objections on the grounds that the statute does not permit the filing of objections by existing municipalities and the objectors lacked standing to object to the petition.

The court found:

"1. The motion to strike is tardy.

2. Under sec. 2—3—5a, chap. 24, Ill. Rev. Stat. consent of municipalities within 1 ½ miles must be alleged and it has not.

3. The Cities of North Chicago and Lake Forest are inter-

ested parties and have not consented to the incorporation. They have standing to object."

The court therefore denied petitioners' motion to strike objections, granted the motions for judgment on the pleadings, and dismissed the petition. Petitioners have appealed, arguing that the court's order was erroneous for various reasons. We do not reach the issues raised by petitioners, however, because the trial court's ruling was premature. We therefore vacate the order and remand for further proceedings.

Section 2—3—18 of the Illinois Municipal Code provides:

"In any county of between 150,000 and 1,000,000 population which has adopted an official plan under "An Act to provide for regional planning and for the creation, organization and powers of regional planning commissions", approved June 25, 1929, as amended, the county board, by resolution, may provide that before the question of incorporating a village under this Division is submitted to the electors in response to a petition filed under Section 2—3—5 or 2—3—10 the county board must first determine that (1) the proposed incorporation is compatible with the official plan for the development of the county, and (2) the lands described in the petition as intended to be embraced in the village constitute a sufficient tax base as will insure the ability of the village to provide all necessary municipal services to its inhabitants. *When such a resolution is in effect, the court in which such a petition is filed shall first require a showing that those determinations have been made by the county board.* If no such showing is made, the court shall deny the petition. If such a showing is made, the court shall proceed as provided in Section 2—3—6 or 2—3—11, as the case may be." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 24, par. 2—3—18.)

The petition alleged that Lake County's population is in the range covered by this statute, and that its county board has adopted an official plan under the act. It also alleged that the county board had adopted a resolution requiring the determinations noted prior to the submission to the electors of the question of incorporating a village.

Although section 2—3—5a is not cited in section 2—3—18, we agree with the position implicitly taken in the petition that section 2—3—18 is applicable to petitions filed under section 2—3—5a. Section 2—3—18 only applies to counties with populations between 150,000 and 1 million, yet it refers to section 2—3—5, which, by its terms, applies only to counties of less than 150,000 population. Apparently, in different acts effective on the same day, the legislature enacted section 2—3—18 and split old section 2—3—5 into two sections, new section 2—3—5 and sec-

tion 2—3—5a, which applied to counties of different populations. (Ill. Rev. Stat. 1967, ch. 24, par. 2—3—5; Ill. Rev. Stat. 1971, ch. 24, pars. 2—3—5, 2—3—5a, 2—3—18; see also Ill. Ann. Stat., ch. 24, pars. 2—3—5, 2—3—5a, 2—3—18 (Smith-Hurd 1962 & Supp. 1986).) The legislature clearly intended that petitions filed pursuant to section 2—3—5a be subject to the requirements of section 2—3—18 since otherwise the reference to section 2—3—5 would be a nullity. *Harris v. Manor Healthcare Corp.* (1986), 111 Ill. 2d 350, 362-63, 489 N.E.2d 1374, 1379 ("The courts also will avoid a construction of a statute which would render any portion of it meaningless or void"); *In re Marriage of Freeman* (1985), 106 Ill. 2d 290, 297, 478 N.E.2d 326, 329 (whenever possible, some reasonable meaning must be attributed to every word, clause or section of a statute).

Where section 2—3—18 is applicable, it is clear that "the court *** *shall first* require a showing that" the county board has made the determinations required. (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 24, par. 2—3—18.) Although petitioners alleged that they had requested the Lake County board to make the required determinations, the court did not require them to make a showing that the county board had made those determinations. Since it is apparent from the statute that the court was to require this showing before proceeding further on the petition, the court prematurely decided the other issues raised. See *People ex rel. Moran v. Teolis* (1960), 20 Ill. 2d 95, 99, 169 N.E.2d 232, 235 (conditions of statute authorizing creation of a municipal corporation must be complied with in manner prescribed by statute else the court is without jurisdiction); *In re Estate of Mears* (1982), 110 Ill. App. 3d 1133, 1138, 443 N.E.2d 289, 293 (legislature may impose substantive conditions precedent to the exercise of jurisdiction which cannot be waived by a court); *In re Organization of the Fox Valley Community Airport Authority* (1974), 23 Ill. App. 3d 168, 170, 318 N.E.2d 496, 498 (creation of municipal entities is totally within the control of the legislature).

We express no views on the issues raised by petitioners in their brief. We hold only that the court did not require the showing necessary under section 2—3—18 prior to other proceedings on the petition, as mandated by the terms of the statute. (Ill. Rev. Stat. 1985, ch. 24, par. 2—3—18.) The order of the circuit court must therefore be vacated and the cause remanded for proceedings in accordance with section 2—3—18.

Vacated and remanded.

UNVERZAGT and WOODWARD, JJ., concur.