(No. 64772.—)

*In re* PROPOSED INCORPORATION OF LIBERTY LAKES (Petitioners Seeking to Incorporate Liberty Lakes, Appellants, v. The Village of Lindenhurst *et al.*, Appellees).

*Opinion filed December 21, 1987.—Rehearing denied February 2, 1988.*

CUNNINGHAM, J., took no part.

Newton E. Finn, of Waukegan, for appellants.

Soffietti, Johnson, Teegen & Phillips, Ltd., of Fox Lake (Howard R. Teegen, of counsel), for appellee Village of Lindenhurst.

William G. Rosing and Stephen G. Applehans, of Rosing, Applehans & Smith, Ltd., of Waukegan, for appellee Village of Lake Villa.

Fred L. Foreman, State's Attorney, and Larry M. Clark, Assistant State's Attorney, of Waukegan, for appellee County of Lake.

JUSTICE SIMON delivered the opinion of the court:

The question to be answered here is whether a statute requiring two defined determinations by the county board of certain counties as a precondition to the incorporation of villages represents an unlawful delegation of judicial power. The answer is no.

Petitioners seeking to incorporate the village of Liberty Lakes (incorporators) filed a petition in the circuit court of Lake County to incorporate under section 2—3—5a of the Municipal Code (Ill. Rev. Stat. 1985, ch. 24, par. 2—3—5a). Incorporators also requested the Lake County board to make certain determinations required by section 2—3—18 of the Code (Ill. Rev. Stat. 1985, ch. 24, par. 2—3—18) concerning the proposed village. While the matter was pending before the county board's planning and zoning committee, the incorporators withdrew their request for the board's determinations. The incorporators then sought a ruling in the circuit court that section 2—3—18 was unconstitutional. The villages of Lindenhurst and Lake Villa and the County of Lake had

intervened and opposed the motion. The circuit judge upheld the statute and dismissed the petition to incorporate. We allowed incorporators' appeal to be brought directly to this court. 107 Ill. 2d R. 302(b).

Consideration of the validity of section 2—3—18 is somewhat obscured by two legislative drafting errors. First, the 1985 edition of the Illinois Revised Statutes actually contains two sections denominated 2—3—18. Only the section added by Public Act 76—676 is at issue here. Second, by its terms, section 2—3—18 comes into play when a petition for incorporation is filed under section 2—3—5. This statutory reference was obviously intended to be to section 2—3—5a, the section under which this petition was filed, not section 2—3—5. Section 2—3—5 only applies to counties of less than 150,000 population, while sections 2—3—5a and 2—3—18 apply only to larger counties. The drafting error was apparently occasioned by the fact that different acts passed on the same day adopted section 2—3—18 and split former section 2—3—5 into two distinct sections (see Pub. Acts 76—676, 76—677, eff. Aug. 7, 1969). *In re Petition to Call an Election on the Question of Incorporating the Village of Forest Knoll* (1986), 148 Ill. App. 3d 436.

Section 2—3—18 provides:

"In any county of between 150,000 and 1,000,000 population which has adopted an official plan under 'An Act to provide for regional planning and for the creation, organization and powers of regional planning commissions', approved June 25, 1929, as amended, the county board, by resolution, may provide that before the question of incorporating a village under this Division is submitted to the electors in response to a petition filed under Section 2—3—5 or 2—3—10 the county board must first determine that (1) the proposed incorporation is compatible with the official plan for the development of the county, and (2) the lands described in the petition as intended to be embraced in the village constitute a sufficient tax base

as will insure the ability of the village to provide all necessary municipal services to its inhabitants. When such a resolution is in effect, the court in which such a petition is filed shall first require a showing that those determinations have been made by the county board. If no such showing is made, the court shall deny the petition. If such a showing is made, the court shall proceed as provided in Section 2—3—6 or 2—3—11, as the case may be. (Ill. Rev. Stat. 1985, ch. 24, par. 2—3—18.)

Lake County is within the prescribed population limits, has adopted an official plan under "An Act to provide for regional planning ***" (see Ill. Rev. Stat. 1985, ch. 34, pars. 3001, 3006), and has also passed a resolution requiring that a petition to incorporate a village must contain the two statutory determinations by the county board. The only question is whether section 2—3—18 is constitutional.

Incorporators' argument is that the power to make the statutory determinations that the proposed incorporation is compatible with the county's official development plan and that the proposed village will have a sufficient tax base to provide all necessary services is "quasi-judicial" in nature. They then contend that the absence of time constraints on the county board's actions, the vagueness of the statutory standards, the fact that no procedures for discovery or a hearing are included, and the lack of any provision for judicial review render the delegation of this quasi-judicial power unconstitutional, apparently under either the separation of powers clause (Ill. Const. 1970, art. II, sec. 1) or the due process clause (Ill. Const. 1970, art. I, sec. 2).

"Municipalities are mere creatures of the Legislature, created for convenience in the handling of day-to-day local problems. The Legislature has complete authority over them and may change ***[,] expand, contract or even abolish them ***." (*People ex rel. Landwer v. Vil-*

*lage of North Barrington* (1968), 94 Ill. App. 2d 265, 272.) It is not contested that the General Assembly could have conditioned incorporation of a village on a purely legislative action of the county board consenting to the incorporation. (See *Town of Godfrey v. City of Alton* (1975), 33 Ill. App. 3d 978 (upholding provision of section 2—3—5a requiring consent of neighboring municipality).) The only dispute here is therefore one of statutory interpretation: Did the General Assembly mean for the county board to act in an adjudicative or legislative capacity?

The incorporators seize on the fact that the statute requires the county board to make two "determinations." This, they submit, calls for the application of law to a set of particular facts, a classic adjudicative function. Incorporators' argument, though, ignores the context in which this authority has been delegated.

Section 2—3—18 applies only to counties which have adopted an official regional development plan. A county board may create a regional planning commission to prepare a development plan when "in the judgment of the county board" it is necessary for the "general purpose of guiding and accomplishing a co-ordinated, adjusted and harmonious development of [the] region" (Ill. Rev. Stat. 1985, ch. 34, par. 3001), and in certain counties, including Lake, the county board may adopt an "official plan" (Ill. Rev. Stat. 1985, ch. 34, par. 3006). Like zoning (*La Salle National Bank v. County of Cook* (1957), 12 Ill. 2d 40, 46), regional planning is clearly a legislative function. The authority to determine a proposed village's compatibility with the official plan and to decide whether such a village will have a sufficient tax base to enable it to meet the needs of its citizens are simply adjuncts to this function without which the official plan could routinely be frustrated. Viewed in the context of its planning authority, the county board is not a neutral

arbiter commissioned to apply legal principles to a particular set of facts, but rather the formulator of the policy in the first instance, charged with making a policy assessment as to the appropriateness of the proposed incorporation. The county board's policy determinations under section 2—3—18 are no more quasi-judicial than its "judgment" under the regional planning statute that a development plan is necessary.

That the county board's consideration is limited to two determinations does not alter our conclusion. These two factors are exceedingly broad in scope and permit the county board to assess the appropriateness of the proposed incorporation with respect to its most significant policy interests. Although the legislature has delegated less than full authority over incorporation to the county board, the authority does not thereby become quasi-judicial.

Our duty to construe statutes to affirm their constitutionality (*Harris v. Manor Healthcare Corp.* (1986), 111 Ill. 2d 350, 363) supports the conclusion that section 2—3—18 contemplates only an exercise of legislative authority by the county board. As the incorporators correctly note, the statute contains no mechanism for conducting an adversary proceeding. The determinations required, that the incorporation is "compatible" with the official plan and that the proposed village will have a "sufficient" tax base, are perhaps too vague to serve as judicially manageable standards. Review under the Administrative Review Law (Ill. Rev. Stat. 1985, ch. 110, par. 3—101 *et seq.*), which is designed to furnish judicial review of administrative decisions but not legislative acts of legislative bodies (*Artz v. Commercial National Bank* (1970), 125 Ill. App. 2d 86), is not provided. (*Cf.* Ill. Rev. Stat. 1985, ch. 34, par. 606 (administrative review of county board decisions on claims against the county).) Rather than attributing to the legislature the intent to

vest the county board with quasi-judicial authority of doubtful constitutionality, we believe the absence of provisions which normally attend the judicial function indicates that the county board is intended to act in a legislative, not a judicial, capacity. The very defects claimed by the incorporators thus help persuade us that the delegation was proper.

Incorporators' position also fails to account for the Municipal Code's division of responsibility between the circuit court and the county board in acting on a petition for incorporation. Before the question of incorporation can be presented to the voters, the circuit judge must hear testimony and find that the proposed village is a "village in fact" under the guidelines of section 2—3—5a. (Ill. Rev. Stat. 1985, ch. 24, pars. 2—3—6, 2—3—5a; *People ex rel. County of Du Page v. Lowe* (1967), 36 Ill. 2d 372.) If the legislature intended the determinations of compatibility with the official plan and sufficiency of the tax base to be adjudicated as well, there would have been no reason to place those questions in the hands of a decisionmaker other than the circuit judge. The fact that these issues are addressed to the judgment of the county board, whose favorable determinations are a prerequisite to any proceeding before the circuit judge, strongly suggests that the county board was not meant to function as an adjudicative body.

We detect no constitutional infirmity in this delegation of authority to the county board. The judgment of the circuit court of Lake County is therefore affirmed.

*Judgment affirmed.*

JUSTICE CUNNINGHAM took no part in the consideration or decision of this case.