*In re* PETITION TO CALL AN ELECTION ON THE QUESTION OF IN-
CORPORATING THE VILLAGE OF FOREST KNOLL.

Second District   No. 2—87—0202

Opinion filed December 31, 1987.

Charles L. Siemon, Wendy U. Larsen, and Gerald P. Callaghan, all of Siemon, Larsen, Mattlin & Purdy, of Chicago, for appellant.

Peter J. Nordigian, of Lonchar & Nordigian, of Waukegan, for appellee Village of Lake Bluff.

Robert V. Gildo, of Robert V. Gildo, Ltd., of Wheaton, for appellees Calvert Gordon and Ernest Schultz.

John E. Schultz, of Conzelman, Schultz, Snarski & Mullen, of Waukegan, for appellee City of Waukegan.

Thomas H. Compere, Corporation Counsel, of Lake Forest, and Murray R. Conzelman, of Conzelman, Schultz, Snarski & Mullen, of Waukegan, for *amicus curiae* City of Lake Forest.

William G. Rosing, of Rosing, Applehans & Smith, Ltd., and Hercules Paul Zagoras, of Hercules Paul Zagoras & Associates, Ltd., both of Waukegan, for *amicus curiae* City of North Chicago.

JUSTICE NASH delivered the opinion of the court:

The primary issue we consider in this appeal is whether an *amicus curiae* has standing to engage in motion practice in a case in which it has been granted leave to appear.

Petitioners, who sought incorporation of a village to be called Forest Knoll in Lake County, Illinois, appeal from an order of the circuit court which dismissed their petition for incorporation on motion of *amici curiae*, the cities of Lake Forest and North Chicago.

This is the second appeal in this action by petitioners. In the first appeal, this court did not reach the substantive issues there raised relating to the standing of appellees, Lake Forest and North Chicago, to object to the petition and compliance by petitioners with the consent requirement of section 2—3—5a of the Illinois Municipal Code (Ill. Rev. Stat. 1983, ch. 24, par. 2—3—5a). We there held that as the trial court had not required a showing that certain determinations had been made by the Lake County board under section 2—3—18 of the Municipal Code before proceeding on the petition for incorporation that its order dismissing it must be vacated and the cause was remanded for proceedings in accordance with section 2—3—18. *In re Petition to Call an Election* (1986), 148 Ill. App. 3d 436, 499 N.E.2d 129; see *In re Proposed Incorporation of Liberty Lakes* (1987), 119 Ill. 2d 179.

In the present appeal, petitioners seek reversal of an order which again dismissed the petition for incorporation, contending: (1) that the cities of Lake Forest and North Chicago, as *amici curiae*, lacked standing to present motions to dismiss the petition; and (2) that section 2—3—5a of the Municipal Code violates constitutional guarantees of equal protection and due process.

On remand after the first appeal, the cities of Lake Forest and North Chicago filed motions to dismiss the petition for incorporation of the village and, perhaps anticipating an objection to their right to

object, requested alternatively that the trial court allow the cities to appear in the case as *amici curiae*. The court entered an order granting the cities leave to appear *amici curiae* and to file motions to dismiss and briefs. The cities alleged in their motions that each was an existing municipality lying within 1½ miles of the area proposed to be incorporated as a village containing fewer than 7,500 residents, and had not consented to such incorporation, as is required by section 2—3—5a of the Municipal Code (Ill. Rev. Stat. 1985, ch. 24, par. 2—3—5a). The petitioners responded that, as *amici*, the cities lacked authority to file pleadings in the case or motions to dismiss and, also, that the requirement of section 2—3—5a for the consent of nearby municipalities to incorporation of the village (described in the petition to contain less than 7,500 residents and to lie within 1½ miles of several existing municipalities) was unconstitutional.

The trial court granted the motions of *amici* to dismiss the petition, finding section 2—3—5a to be constitutional and that neither Lake Forest nor North Chicago had consented to the incorporation of the proposed village. It does not appear that the trial court gave any consideration to our order on remand after the first appeal "for proceedings in accordance with section 2—3—18" of the Municipal Code. *In re Petition to Call an Election* (1986), 148 Ill. App. 3d 436, 438, 499 N.E.2d 129.

We consider first the propriety of the order permitting *amici curiae* to engage in motion and pleading practice in the trial court as would a litigant in the case.

■■ We note that there is no supreme court rule or statutory provision purporting to authorize any appearance in the circuit court by an *amicus curiae*; Supreme Court Rule 345 (107 Ill. 2d R. 345) is directed only to the procedure to be followed to offer a brief *amicus curiae* in a reviewing court. Our supreme court has also approved the appointment of an *amicus* by the circuit court in the special circumstance of an investigation and hearing in a contempt matter, as being within the discretion of a trial judge. (*People v. Goss* (1957), 10 Ill. 2d 533, 546, 141 N.E.2d 385; *In re Mortimer* (1976), 44 Ill. App. 3d 249, 251, 358 N.E.2d 92, *appeal denied* (1977), 66 Ill. 2d 626.) When given leave to appear by a court, it is established that an *amicus* is not a party to the action, but is a friend of the court whose sole function is to advise or make suggestions to the court. (*Fiorito v. Jones* (1978), 72 Ill. 2d 73, 96, 377 N.E.2d 1019; see Am. Jur. 2d *Amicus Curiae* §1 *et seq.* (1962).) Motion practice by *amici* is not permitted. *Zurich Insurance Co. v. Raymark Industries, Inc.* (1987)

118 Ill. 2d 23, 59-60, 514 N.E.2d 150; *Hale v. First National Bank* (1978), 57 Ill. App. 3d 310, 317-18, 372 N.E.2d 959.

■■ We need not here determine whether the circuit court is authorized to grant leave to *amici* to file briefs as may the reviewing courts. It is apparent that the trial court was not authorized in the present case to permit *amici curiae* to appear and file a motion to dismiss as would a litigant before the court. The cities of Lake Forest and North Chicago, as *amici curiae*, lacked standing to seek the dismissal of the petition for incorporation, and the orders permitting them to do so and dismissing the petition were invalid and must be vacated.

The error below of permitting the cities, as *amici curiae*, to appear and engage in motion practice as would a litigant has been compounded in this court. The cities have filed briefs herein as "appellees" and have not sought leave of this court to do so as *amici* as is required by Supreme Court Rule 345. (87 Ill. 2d R. 345.) Consequently, "appellees" briefs in this court will be stricken.

In the interest of judicial economy we address two other issues which remain unresolved in this case.

Petitioners have also contended that section 2—3—5a of the Municipal Code violates constitutional due process and equal protection standards by its requirement that the consent of nearby municipalities is required for incorporation of a village containing less than 7,500 residents. In a separate appeal taken from the dismissal of the complaint in another action between essentially the same parties as in the present case, this court considered, and rejected, petitioners' constitutional arguments. (*Kaltsas v. City of North Chicago* (1987), 160 Ill. App. 3d 302, 513 N.E.2d 438.) We adhere to that opinion.

There also remains in this cause the unresolved matter of the "showing" required by section 2—3—18 of the Municipal Code of certain determinations to be made by the county board before the incorporation could proceed in the trial court. (*In re Petition to Call an Election* (1986), 148 Ill. App. 3d 436, 438, 499 N.E.2d 129.) Although after the first appeal the cause was remanded for that purpose, it was apparently not undertaken.

Accordingly, the order of the circuit court permitting. *amici* to file pleadings in the case and dismissing the petition for incorporation on motion of *amici curiae* is vacated. The case is remanded with directions that the trial court determine whether the "showing" requirements of section 2—3—18 and the consent requirements of section 2—3—5a of the Municipal Code have been met. If either requirement is lacking, the petition for incorporation will be denied; if

both requirements have been met, the matter will proceed in accordance with the incorporation statutes. "Appellees" briefs are stricken.

Reversed and remanded with directions.

REINHARD and WOODWARD, JJ., concur.