# ILLINOIS OFFICIAL REPORTS

***Tully v. McLean*, 2013 IL App (1st) 113663**

| | |
|---|---|
| Appellate Court Caption | THOMAS M. TULLY, Trustee of the Thomas M. Tully Trust; and F.P.A., LLC, an Illinois Limited Liability Company, Individually and Derivatively on Behalf of Old Town Development Associates, LLC, Plaintiffs-Appellees, v. DANIEL E. McLEAN; PIPER'S ALLEY MANAGEMENT, INC., an Illinois Corporation; LINCOLN PARK DEVELOPMENT ASSOCIATES, LP, an Illinois Limited Partnership; MCL COMPANIES OF CHICAGO, INC., an Illinois Corporation; MCL MANAGEMENT CORPORATION, an Illinois Corporation; and OLD TOWN DEVELOPMENT ASSOCIATES, LLC, an Illinois Limited Liability Company and Nominal Defendant, Defendants-Appellants. |
| District & No. | First District, Second Division<br>Docket No. 1-11-3663 |
| Filed<br>Rehearing denied | May 14, 2013<br>June 18, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action alleging that defendants were guilty of fraud and the breach of their fiduciary duties in connection with a development project, the case was rendered moot when the trial court's order for a judicial sale was consummated by plaintiffs' purchase of the development and the transfer of defendants' interests to plaintiffs in satisfaction of the judgment without a motion to stay enforcement by defendants or an appeal from the final order granting the sale; therefore, the trial court was unable to grant effectual relief to defendants. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 06-CH-5431; the Hon. Stuart E. Palmer, Judge, presiding. |

| | |
|---|---|
| Judgment | Affirmed. |
| Counsel on Appeal | David A. Epstein, Amanda C. Jones, and Jeffery R. Beck, all of Brown Udell Pomerantz & Delrahim, Ltd., of Chicago, for appellants. |
| | Michael H. Moirano and Claire Gorman Kenny, both of Nissen & Elliott LLC, of Chicago, for appellees. |
| Panel | JUSTICE SIMON delivered the judgment of the court, with opinion. Presiding Justice Harris and Justice Quinn concurred in the judgment and opinion. |

## OPINION

¶ 1    This matter is once again before this court following proceedings on remand from the decision in *Tully v. McLean*, 409 Ill. App. 3d 659 (2011) (*Tully I*). In *Tully I*, Justice Karnezis provided extensive analysis of the underlying proceedings in which plaintiffs Thomas M. Tully, as trustee of the Thomas M. Tully Trust, and F.P.A., LLC (FPA), individually and derivatively on behalf of Old Town Development Associates, LLC (OTD), filed an action against defendants Daniel E. McLean, Piper's Alley Management, Inc. (PAM), Lincoln Park Development Associates, LP (LPDA), MCL Companies of Chicago, Inc. (MCL), MCL Management Corp. (MCL Management) (collectively defendants) and nominally against OTD. Plaintiffs asserted that defendants committed fraud and breach of their fiduciary duties to plaintiffs in their management of OTD. This court affirmed the judgment against defendants and the award of $4,242,222.22 in compensatory and punitive damages for what was described as defendants' "reprehensible" actions. In addition, the *Tully I* court reversed the denial of defendants' counterclaim for dissolution of OTD and remanded the matter for further proceedings. *Id.* at 686.

¶ 2    During the course of the *Tully I* appeal and prior to remand, plaintiffs initiated and completed postjudgment supplementary proceedings to enforce the money judgment against defendants pursuant to the Code of Civil Procedure (735 ILCS 5/2-1402(a) (West 2010)) and the Illinois Limited Liability Company Act (805 ILCS 180/30-20 (West 2010)) (Act). The proceedings resulted in the judicial sale and transfer of defendants' ownership interest in OTD to plaintiffs for the total amount of the money judgment. On remand, defendants filed a motion for relief in light of the reversal of defendants' counterclaim for dissolution. Plaintiffs filed a motion to dismiss the case as moot pursuant to section 2-619 of the Code of Civil Procedure. 735 ILCS 5/2-619 (West 2010). The trial court denied defendants' motion for relief and dismissed the case as moot.

¶ 3    Defendants appeal that order, arguing that the trial court erred in failing to implement the dissolution of OTD as this court ordered in *Tully I*. Defendants also argue that plaintiffs' mootness argument was forfeited for failure to raise this issue during proceedings in *Tully I*, claiming that the trial court could not dismiss the case on this basis. For the following reasons we affirm the judgment of the trial court.

¶ 4                                I. BACKGROUND

¶ 5    Following a seven-day bench trial on plaintiffs' complaint for breach of fiduciary duty and fraud against defendants, the trial court issued a memorandum opinion and order on January 21, 2009. The court found defendants liable to plaintiffs for common law fraud and breach of fiduciary duty by diverting millions of dollars from OTD's accounts over a six-year period to, among other things, pay defendants' debts unrelated to OTD's business. The court awarded compensatory and punitive damages totaling $4,242,222.22.

¶ 6    A separate hearing was held on plaintiffs' claim that PAM should be expelled from OTD and defendants' counterclaim seeking dissolution of OTD. On April 28, 2009, the trial court ordered PAM expelled and disassociated from OTD, but concluded that dissolution of OTD was unwarranted. Final judgment was entered on September 28, 2009, and defendants appealed these orders. Defendants did not seek a stay of the judgment before either the trial court or this court and no supersedeas bond was posted.

¶ 7    In October and November 2009 plaintiffs filed citations to determine defendants' assets. Defendants were each served with the citations and filed appearances in December 2009. Plaintiffs sought the sale of defendants' interests in OTD to satisfy the judgment. On March 26, 2010, the trial court entered an order appointing a selling agent to sell McLean's 39% interest and LPDA's 10% interest in OTD. McLean and LPDA were ordered to execute and deliver to the selling agent any forms of assignment or other documents necessary to transfer their interests to the successful bidder.

¶ 8    A judicial sale was conducted by the selling agent on May 4, 2010, and plaintiffs were the successful bidders. McLean and LPDA refused to execute and return forms to the selling agent to complete the assignment of McLean's and LPDA's interests in OTD. On June 1, 2010, the trial court granted plaintiffs' motion to authorize the selling agent to execute and deliver the assignment documents.

¶ 9    McLean moved to vacate the June 1, 2010, order, asserting that an agreement had been reached with a third party to sell defendants' interest in OTD, but plaintiffs refused to complete the agreement because they could benefit more by purchasing the interest at the judicial sale. McLean contended that this bad-faith dealing required that the court vacate that order. The motion was denied and a final order was entered. Defendants did not appeal the final order authorizing the judicial sale.

¶ 10   On April 26, 2011, the court issued the opinion in *Tully I*, affirming in part and reversing in part the judgment of the trial court. Defendants admitted that McLean's actions were legally improper and they were liable for losses, but challenged the trial court's judgment as " 'seriously, unfairly and unjustifiably excessive' and inequitable" and a case of "judicial overkill." *Tully I*, 409 Ill. App. 3d at 663. Defendants sought to: reverse the judgment against

LPDA; vacate the judgment against MCL; dissolve OTD; and reverse and vacate the punitive damages award; reverse the judgment ordering defendants to forfeit management fees and to reduce the prejudgment interest rate imposed by the court on the misappropriated funds.

¶ 11　　The *Tully I* court affirmed the trial court's judgment on all grounds, but denied defendants' counterclaim for the dissolution of OTD. The court extensively detailed defendants' systematic and repeated acts of "intentional trickery and deceit" using their position of dominance and superiority over plaintiffs. *Id.* at 677, 683. Because of this fiduciary relationship, the court highlighted that defendants' stance was untenable as a fiduciary should not benefit from its own wrongdoing. *Id.* at 680 (citing *Caparos v. Morton*, 364 Ill. App. 3d 159, 180 (2006)). Accordingly, the court affirmed the compensatory and punitive damages awarded to plaintiffs and denied defendants' arguments on these issues.

¶ 12　　The *Tully I* court also found that the expulsion of PAM as a member and manager of OTD was a basis for dissolution under section 6.1 of the OTD operating agreement and section 35-45(6) of the Act (805 ILCS 180/35-45(6) (West 2008)). *Tully I*, 409 Ill. App. 3d at 666-69. Therefore, the court reversed the denial of defendants' request for dissolution of OTD and the matter was remanded to the trial court to undertake dissolution proceedings. On remand, the trial court ordered the parties to file cross-motions concerning the relief sought upon resolution of the dissolution issue.

¶ 13　　Plaintiffs moved to dismiss the case as moot pursuant to section 2-619, asserting that the *Tully I* opinion did not affect their right to enforce the judgment against defendants in the supplemental proceedings. Plaintiffs argued that they properly moved for a charging lien against defendants' interests pursuant to the Act and that the subsequent orders completing the judicial sale of defendants' interests in OTD were made final and were not appealed. Accordingly, plaintiffs claimed the issue on remand, the dissolution of OTD, was moot because defendants had been lawfully divested of all their interests in OTD and the trial court could not grant effectual relief.

¶ 14　　Defendants sought an order vacating the judicial sale of OTD, an accounting, the dissolution and liquidation of OTD, the judicial sale of the primary asset of OTD, and distribution of the proceeds to creditors and the parties pursuant to the Act. On October 20, 2011, the trial court dismissed the case as moot and denied in its entirety defendants' motion for relief. Following the denial of defendants' motion for reconsideration, this appeal was filed.

¶ 15　　　　　　　　　　　　　　　　II. ANALYSIS

¶ 16　　A cause of action is deemed moot if no actual controversy exists or if events occur that make it impossible for the court to grant effectual relief. *Gatreaux v. DKW Enterprises, LLC*, 2011 IL App (1st) 103482, ¶ 12. A "moot case is one which seeks to determine an abstract question or a judgment which when rendered cannot have any practical legal effect on the controversy." *Betts v. Ray*, 104 Ill. App. 3d 168, 171 (1982). A motion to dismiss pursuant to section 2-619 admits the legal sufficiency of a pleading, but asserts an affirmative defense or other matter that avoids or defeats the claim. A section 2-619 dismissal is reviewed *de novo*. *Barber v. American Airlines, Inc.*, 241 Ill. 2d 450, 455 (2011). We agree that

intervening events rendered this matter moot and the trial court properly dismissed the case because any judgment of dissolution would have no practical legal effect.

¶ 17    Defendants did not file a motion to stay collection of the money judgment or a "bond or other form of security" to prevent plaintiffs from pursuing satisfaction of the trial court's judgment in the supplementary proceeding. Ill. S. Ct. R. 305(a) (eff. July 1, 2004). Defendants are correct that Supreme Court Rule 305 provides protection specifically to the rights, title or interests acquired by third parties, not to parties to the underlying cause of action. Ill. S. Ct. R. 305(k) (eff. July 1, 2004). However, the failure to seek a stay allowed plaintiffs to pursue enforcement of the money judgment in supplemental proceedings pursuant to section 2-1402 of the Code of Civil Procedure. 735 ILCS 5/2-1402 (West 2010).

¶ 18    Service of the citation to discover assets resulted in plaintiffs acquiring a charging lien pursuant to section 30-20(b) of the Act (805 ILCS 180/30-20(b) (West 2010)) and section 2-1402(m) of the Code of Civil Procedure (735 ILCS 5/2-1402(m) (West 2010)). Defendants filed appearances in the supplementary proceeding, but the sale was completed. Following the judicial sale of defendants' interests in OTD, defendants refused to execute and return necessary forms to the selling agent. Accordingly, the trial court granted plaintiffs' motion to authorize the transfer of defendants' interests and entered a final order. McLean filed a motion to vacate the order, but that was denied. Defendants did not file an appeal, therefore, defendants forfeited consideration of the supplementary proceeding. *Tully I*, 409 Ill. App. 3d at 664. Furthermore, consideration of that final order and the propriety of the judicial sale is barred by the doctrine of *res judicata*. *Levaccare v. Levaccare*, 376 Ill. App. 3d 503, 510-11 (2007).

¶ 19    Defendants point out that the judicial sale was sought by plaintiffs and completed with the possibility that the *Tully I* court could render an opinion finding the September 29, 2009, order erroneous, thereby remanding the matter to the trial court to vacate its order or for plaintiffs to provide restitution. *Buzz Barton & Associates, Inc. v. Giannone*, 108 Ill. 2d 373, 381-82 (1985). Defendants claim that plaintiffs sought the judicial sale with this understanding and lost their bet because the *Tully I* court's remand of the dissolution issue requires the sale to be vacated. However, as plaintiffs correctly argue, the *Tully I* court only reversed and remanded on the issue of the denial of defendants' counterclaim for dissolution and contemporaneously affirmed the money judgment against defendants and all other detailed findings of the trial court concerning defendants' breach of fiduciary duty. *Tully I*, 409 Ill. App. 3d at 666-69.

¶ 20    In addition to the foregoing bars to defendants' claims, whether the dissolution issue is moot may be resolved by consideration of the provisions of the Act and the OTD operating agreement relating to dissolution. Defendants assert that because plaintiffs failed to present evidence of the judicial sale and the mootness argument in the direct appeal, they waived that argument on remand and in the instant matter pursuant to Supreme Court Rule 341 (Ill. S. Ct. R. 341(h)(7), (i) (eff. July 1, 2008)) which applies to the waiver of arguments by parties on appeal for their failure to include them in their briefs on appeal. In *Tully I*, defendants challenged the money judgment and plaintiffs had no basis to include discussion of ongoing proceedings that were not of record. Therefore, the mootness argument was premature at that time and plaintiffs did not waive that argument on remand or before this court.

¶ 21    The *Tully I* court opined that OTD "should be dissolved under the [operating] agreement" and the Act, and that the trial court should conduct dissolution proceedings. *Tully I*, 409 Ill. App. 3d at 669. The court did not alter the money judgment or otherwise opine as to how OTD should be dissolved. Under the Act, the process of dissolution is just that, a process, and the company continues after dissolution. 805 ILCS 180/35-3(a) (West 2010). After dissolution and before the winding up of its business, the members may unanimously waive the right to have the company's business wound up and the business continued. 805 ILCS 180/35-3(b), (c) (West 2010). Likewise, section 10.3 of OTD's operating agreement grants remaining members the opportunity to continue the business of the company after the withdrawal of a manager or other event causing a dissolution.

¶ 22    Therefore, the Act and operating agreement do not support defendants' claim that dissolution affects the money judgment or the supplemental proceedings. Defendants cite to cases that involve the receipt of a benefit by a party based on an erroneous judgment, and thus are inapplicable to the instant case because the money judgment was affirmed. See, *e.g.*, *First National Bank of Jonesboro v. Road District No. 8*, 389 Ill. 156 (1945); *Buzz Barton & Associates*, 108 Ill. 2d 373; *Meldahl v. West*, 280 Ill. 421 (1917). As detailed above, the money judgment was not only affirmed, but the *Tully I* court extensively detailed defendants' malfeasance in repeatedly rejecting their attempts to receive compensation and reduction of the judgment. Unlike the scenarios in defendants' proffered authority, in this case there is no erroneous receipt of benefit or modified monetary judgment requiring restitution.

¶ 23    When the *Tully I* opinion was filed, the judicial sale was already final and defendants' interests had been transferred to plaintiffs in satisfaction of the money judgment and the company continued to operate, even if technically in dissolution. Defendants did not seek a stay of enforcement of the money judgment, did not appeal the final order granting the judicial sale and, as a result, forfeited arguments concerning its validity. Therefore, that final order is *res judicata* on the issue of the satisfaction of the money judgment and nothing in the Act or the OTD operating agreement requires that the judicial sale be vacated. These intervening events transferred all of defendants' interests in OTD to plaintiffs and made it impossible for the trial court to grant effectual relief to defendants or have any practical legal effect and the trial court properly dismissed the case as moot.

¶ 24                                III. CONCLUSION

¶ 25    For the foregoing reasons, we affirm the judgment of the trial court.

¶ 26    Affirmed.