2026 IL App (1st) 251076-U

FIFTH DIVISION
June 12, 2026

No. 1-25-1076

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| SHADE GEORGE GHANAYEM, AS ATTORNEY-IN-FACT FOR FARIDEH GHANAYEM, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> ALAN D. HEIR, MANAGER OF RYH INVESTMENTS, INC., DANIEL NORBERT ELKIN, REGISTERED AGENT OF RYH INVESTMENTS, INC. & AM LAW LLC, EVAN HARERAS, MANAGER OF FUNDPALITY II, LLC, AND ALL UNKNOWN OWNERS AND NON-RECORD CLAIMANTS, <br><br> Respondents-Appellees. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Appeal from the Circuit Court of Cook County <br><br> No.  2024CH07860 <br><br> The Honorable Alison C. Conlon, Judge Presiding. |

JUSTICE WILSON delivered the judgment of the court.
Justices Mikva and Oden Johnson concurred in the judgment.

**ORDER**

¶ 1     *Held*:   Dismissal of this action is affirmed where the claim is moot.

¶ 2     This is a case about a certificate of purchase for property taxes. The property tax sale has since been vacated in a separate court action. We affirm the dismissal of the circuit court because the matter is moot.

¶ 3                                    I. BACKGROUND

¶ 4     On August 21, 2024, Plaintiff Shade George Ghanayem filed a petition seeking to prevent the issuance of a tax deed for real property. Ghanayem brought the action as power of attorney on behalf of the record owner of the Property. The real property (the Property) at issue is located at 4857 West Division Street, Chicago, Illinois 60651.[1] Ghanayem's petition challenged the validity of the Certificate of Purchase for General Taxes and Special Assessments No. 19-0005138 (the Certificate). Ghanayem demanded an evidentiary hearing regarding alleged unauthorized alterations of the Certificate.

¶ 5     A copy of the Certificate is in the record. The Certificate indicates that on May 17, 2022, the Cook County Treasurer sold the delinquent 2019 taxes on the Property to RYH Investments LLC for $20,310.16. The record reflects that on September 21, 2023, the Certificate was assigned to Fundpality II, LLC (Fundpality II).

¶ 6     On February 26, 2024, Fundpality II filed a petition for tax deed in a separate action in the County Division (the County Division Case).[2] On September 16, 2024, in the County Division Case, Fundpality II requested an order declaring that the sale was in error because federal liens prevented the tax deed from extinguishing prior interests. Section 21-310(b)(3) of the Property Tax Code requires the court to declare a sale-in-error when there is "an interest held by the United States in the property sold which could not be extinguished by the tax deed." 35 ILCS 200/21-310(b)(3) (West 2024). In its petition, Fundpality II asserted that a sale-in-error order was required because the United States government had recorded notices of federal liens against the record owners of the Property in 2015 and 2016.

---

[1] Permanent Index Number 16-04-405-001-0000.
[2] In the Matter of the Application of the County Collector, Etc., No. 2024-COTD-000852 (Cir. Ct. Cook County).

¶ 7     The County Division court granted Fundpality II's petition and entered a sale-in-error order based on the federal liens against the record owner. *In the Matter of the Application of the County Collector, Etc.*, No. 2024-COTD-000852 (Cir. Ct. Cook County, Sept. 26, 2024). The sale-in-error order required the County Collector to issue a full refund to Fundpality II as the holder of the Certificate. *Id.* The order further required the County to mark its official books and records to reflect that the tax sale was vacated. *Id.*

¶ 8     In this case, on November 21, 2024, Defendants RYH Investments LLC and Fundpality II, LLC filed a motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2024)). Defendants argued Ghanayem's petition was moot because the tax sale had been vacated in the County Division case. In support, Defendants relied on the September 26, 2024, sale-in-error order and copies of the refund checks. The record reflects that on October 7, 2024, the County Treasurer issued a full refund to Fundpality II for all payments relating to the Certificate.

¶ 9     In response to the motion to dismiss, Ghanayem filed a motion for leave to file an amended petition. Ghanayem made three arguments in support of the motion. First, Ghanayem questioned the validity of an "unexplained and undocumented" alteration on the face of the Certificate which changed the purchase amount from $19,310.16 to $20,310.16. Second, Ghanayem asserted that the payment records associated with the Certificate "fail to align with either the original or altered purchase amounts, raising questions of procedural and statutory compliance." Finally, Ghanayem argued that Defendants' motion to dismiss was not supported by affidavit as required by Illinois Supreme Court Rule 191 (eff. Jan. 4, 2013). In reply, Defendants reiterated that the issues raised in Ghanayem's petition are moot because of the September 26, 2024, sale-in-error order entered in the County Division case.

¶ 10    After the briefing concluded, the circuit court scheduled in-person oral argument on Defendants' motion to dismiss. On April 29, 2025—after the oral argument was scheduled, but before the argument took place—Ghanayem filed a motion titled, "Demand for Judicial Determination Regarding Certificate of Purchase No. 19-0005138." In the motion Ghanayem sought a declaration on a single issue: whether the Certificate "which bears an unexplained visible alteration on its face, may lawfully serve as a basis to affect title, rights, or obligations concerning real property." The motion requested a judicial determination to prevent a cloud on the real estate title. The motion also requested that the circuit court either require authentication through the appropriate means, or declare the Certificate *void ab initio*.

¶ 11    On May 6, 2025, the circuit court held oral argument on the motion to dismiss. The same day, the court granted the motion and dismissed the case. The court's final order stated:

> "[f]or the reasons stated on the record in open Court, the Motion is granted. Plaintiff lacks standing to pursue this claim. Even if Plaintiff had standing, the claim is moot. And even if Plaintiff had standing and the claim were not moot, this case is duplicative of the case adjudicated in the Circuit Court of Cook County, Illinois, County Department, County Division as case number 2024 COTD 000852. For any or all of these reasons, this case is dismissed with prejudice."

*Ghanayem v. Heir*, 2024-CH-07860 (Cir. Ct. Cook County, May 6, 2025). Additionally, the final order struck Ghanayem's motion for "Demand for Judicial Determination" as moot. *Id.*

¶ 12    On June 5, 2025, Ghanayem timely filed a notice of appeal of the final order. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rule 303 (eff. July 1, 2017).

¶ 13                                II. ANALYSIS

4

¶ 14    As a preliminary matter we note that the record on appeal does not include a hearing transcript or an acceptable substitute as allowed by Supreme Court Rule 323(c) (eff. July 1, 2017). It is appellant's burden to provide a sufficiently complete record to support a claim of error, and in the absence of that record we must presume that the circuit court's order conformed to the law and had a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Although we do not have the benefit of the circuit court's reasoning, "because we review the trial court's judgment, not its rationale, we may affirm for any reason supported by the record[.]" *Carlson v. Rehabilitation Institute of Chicago*, 2016 IL App (1st) 143853, ¶ 11. Despite the lack of transcript, we review the record to determine if there is any basis for dismissal.

¶ 15    Here, the record supports dismissal on the basis of mootness. A matter is moot when it presents "no actual controversy, interests or rights of the parties, or where the issues have ceased to exist." *Forest Preserve District of Kane County v. City of Aurora*, 151 Ill. 2d 90, 94 (1992). "As a general rule, courts in Illinois do not decide moot questions, render advisory opinions, or consider issues where the result will not be affected regardless of how those issues are decided." *In re Alfred H.H.*, 233 Ill. 2d 345, 351 (2009). A case is moot when the judgment sought "cannot have any practical legal effect on the controversy." *Tully v. McLean*, 2013 IL App (1st) 113663, ¶ 16. We review issues of mootness *de novo*. *People v. Cousins*, 2023 IL App (1st) 230234, ¶ 8. The core question in this case is whether any judicial decision about the Certificate could affect the parties' rights after the sale-in-error order was entered.

¶ 16    A review of the record reveals that Ghanayem's claims are moot. The Certificate at issue is a legal document certifying the tax sale. However, the tax sale has now been vacated by the sale-in-error order in the County Division case. Moreover, the record reflects that the funds used to purchase the Certificate were returned to Defendants. Whether the Certificate was fraudulently

altered before it was nullified by the sale-in-error order is a moot issue. This is because at this point a court order declaring the Certificate to have been fraudulently altered would have no legal effect.

¶ 17     Despite this, Ghanayem argues that this appeal is not moot. In support of this position, Ghanayem contends a "live controversy plainly remains" due to the allegations that the Certificate "was materially altered after issuance, creating a void or fraudulent instrument affecting the legal status of the subject property." On appeal, Plaintiff argues that because Illinois law recognizes that void judgments may be challenged at any time, the possibility that the Certificate was improperly altered could cause the "resulting proceedings" to be "legally defective and subject to challenge" notwithstanding the sale-in-error order. In essence, Plaintiff contends that the matter is not moot because the Certificate may have been forged, and if the Certificate was forged then the sale-in-error order is void, and a void order can be challenged at any time.

¶ 18     We agree with Plaintiff that a judgment entered by a court that lacks jurisdiction or otherwise lacks the inherent power to enter the order is void and may be attacked at any time or in any court, either directly or collaterally. *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 103 (2002). However, whether the Certificate was forged has no bearing on whether the County Division court had the *inherent authority* to enter the order vacating the tax sale. *Petta v. Christie Business Holding Co.*, 2023 IL App (5th) 220742, ¶ 12, *aff'd* 2025 IL 130337 ("Jurisdiction is power to declare the law[.]"). A court's jurisdiction "does not depend upon the legal sufficiency of the pleadings." *In re Estate of Hughes*, 2020 IL App (5th) 190390, ¶ 25. Therefore, we reject Plaintiff's argument that the sale-in-error order was a void order that can be challenged at any time in any court.

¶ 19     We determine this matter is moot because "the issues have ceased to exist." *Forest Preserve*, 151 Ill. 2d at 94. Moreover, it is moot because Ghanayem seeks a judgment "which when

rendered cannot have any practical legal effect on the controversy." *Tully*, 2013 IL App (1st) 113663, ¶ 16. Because any legal effect the Certificate had was nullified by the County Division case, a determination regarding the alleged forgery of the Certificate would have no practical legal effect.

¶ 20 We note that our supreme court recognizes three exceptions to the mootness doctrine: the "public interest" exception, the "capable of repetition yet avoiding review" exception, and the "collateral consequences" exception. *In re Alfred H.H.*, 233 Ill. 2d at 355-62. On appeal, Plaintiff does not argue that any exception to the mootness doctrine applies here, and we decline to consider whether an exception applies. See *In re G.W.*, 357 Ill. App. 3d 1058, 1061 (2005) (stating that generally the failure to raise an issue on appeal results in the issue not being addressed).

¶ 21 Additionally, we recognize that Ghanayem sought leave to file an amended petition. We review orders denying a motion seeking leave to file an amended complaint using the abuse of discretion standard of review. *Pennymac Corp. v. Jenkins*, 2018 IL App (1st) 171191, ¶ 31. Of utmost importance, we consider whether the proposed amendment would cure the defective pleading. *Id.* Here, the mootness defect cannot be cured by amendment. There is no way for Ghanayem to plead around the fact that the sale-in-error order nullified the Certificate by vacating the tax sale, making it impossible for the circuit court to redress the alleged injury related to the Certificate.

¶ 22 Finally, we note that the circuit court also dismissed the matter based on lack of standing and as duplicative of the County Division case. We need not address whether the matter was properly dismissed for those additional reasons. Because we determine the matter is moot, the circuit court's dismissal was proper.

¶ 23                                  III. CONCLUSION

¶ 24    For the foregoing reasons, the circuit court's dismissal of Plaintiff's petition is affirmed because the issue is moot. We express no view on the remaining theories that were the basis of the dismissal.

¶ 25    Affirmed.